### LYKE & DUMOND vs. VAN LEUVEN.

To render the owner of a domestic animal liable for an injury committed by such animal, it must be shown that the defendant had notice of its vicious propensity.

The rule applied where the defendant's swine tore and injured a cow with a calf newly brought forth, belonging to the plaintiff, so that they died.

And the action is not sustainable without proof of the *scienter*, though the defendant's swine were trespassing upon the plaintiff's land when they committed the injury.

ERROR to the Ulster C. P. Van Leuven sued Lyke & Dumond before a justice of the peace, and declared in case, for that the defendants' sow and pigs mangled and tore a cow and calf of the plaintiff so that they died. Plea, the general issue. The cause was tried by jury. It appeared that the plaintiff and defendants were the owners of adjoining fields, and that the plaintiff's cow with a calf newly brought forth, were found badly torn and mangled in the plaintiff's own field, and that they died of those injuries. Tracks of a hog and pigs were discovered around where the cow lay, and the defendants' sow and pigs were afterwards seen in the field of the defendants, adjoining that in which the cow and calf were, with much blood upon them. There was some dispute whether one or both of the defendants owned the swine, there being evidence both ways on that question. There was a verdict and judgment for the plaintiff, which the common pleas affirmed on *certiorari*.

*T. R. Westbrook*, for the plaintiffs in error, insisted that a knowledge of the vicious propensities of the swine should have been proved in order to sustain the action, and referred to *Hinckley* v. *Emerson*, (4 *Cowen*, 351.)

*M. Schoonmaker*, for the defendant in error, maintained that as the swine were trespassing upon the land of the plaintiff, the defendants were liable for this, as well as for any other damage done by them. (1 *Chit. Pl.* 83, *Springf. ed.* 1840; 1 *Cowen*,

79, *note; id.* 91, *note.*) Besides, he said the objection now suggested was not taken on the trial. The defendant moved for a nonsuit on the ground of the insufficiency of the testimony to prove the injury, but not for the want of proof of this partic ular fact.

*By the Court,* BEARDSLEY, J. There was sufficient evidence to warrant the jury in finding that the cow and calf were destroyed by the defendants' swine. But it was not shown that swine, ordinarily, have a propensity to attack and destroy animals in the condition of this cow and calf; nor was there any evidence that the defendants were aware of the vicious propensity, in this or any other respect, of these swine. For these reasons the plaintiff wholly failed to show any right of action against the defendants. The *scienter* is the gist of the action in these cases, and the principle applies to swine as it does to other domestic animals which are *mansuetæ naturæ.* (1 *Chit. Pl.* 94, 7th *Am. ed.*; *Jenkins* v. *Turner,* 1 *Ld. Raym.* 109; *Rex* v. *Huggins,* 2 *id.* 1583; 1 *Cowen's Tr.* 342.)

The defendants were, undoubtedly, liable for the trespass of the swine in the plaintiff's close, although not for this unnatural injury done by them. But the trespass on the land was not complained of in this case, and as to the cow and calf it makes no difference that they were destroyed on the plaintiff's land, where the swine were trespassing. This is not like the case in 4 *Burr.* (*Beckwith* v. *Shordike, p.* 2092,) where the action was trespass for breaking the plaintiff's close, with guns and dogs, and killing his deer; and where the defendant was held liable for a deer killed by one of his dogs, although it did not appear he had any knowledge of the propensity of the animal to do such an injury. But the decision was placed on the express ground that the defendant was himself a trespasser, with his dog, in the plaintiff's close, at the time the damage was done, so that the jury were authorized to find, as they had done, that the act of the dog was the voluntary trespass of the master. If this declaration had alleged the *scienter* of the defendants, it might very well be urged that they had waived the objection

now made, that the *scienter* was not proved on the trial. But as the plaintiff had not stated any such ground of liability, in his declaration, the defendant cannot be deemed to have waived the objection by not making it, specifically, before the justice.

The plaintiff was not entitled to recover upon the evidence, and the judgment should be reversed.

Judgment reversed.