## Van Leuven *vs.* Lyke and Dumond.

The owner of a domestic animal is not in general liable for an injury committed by such animal, unless it be alleged and shown that the defendant had notice of its vicious propensity.

But if the animal is unlawfully in the close of another and commits the mischief there, the owner is liable without alleging or proving a *scienter*. *Per* Jewett, C. J.

And in such cases the declaration should be for breaking and entering the close, and the particular mischief, e. g: the killing of another domestic animal, should be alleged in aggravation of the trespass.

The declaration in a justice's court alleged that the defendants' sow and pigs mangled and tore a cow and calf of the plaintiff so that they died. The evidence tended to show that the injury was committed as alleged, and that it was done while the sow and pigs were trespassing in the plaintiff's close. *Held* that the plaintiff could not recover for the reason that there was no allegation or proof of a *scienter*, and no allegation of a breach of the plaintiff's close.

Van Leuven sued Lyke and Dumond in a justice's court and recovered judgment, which was affirmed by the common pleas on certiorari, and reversed by the supreme court on error. (*See* 4 *Denio,* 127.) The plaintiff brought error to this court. The case is sufficiently stated in the opinion of the court, as delivered by Jewett, C. J.

*M. Schoonmaker,* for the plaintiff in error.

*T. R. Westbrook,* for the defendants in error.

Jewett, C. J. It is alleged in the plaintiff's declaration " that on the 27th day of November, 1844, at &c. the defendants were the owners of a certain sow and pigs, which sow

and pigs, to wit, on the day and year aforesaid, to wit, at the place aforesaid, bit, damaged and mutilated and mangled a certain cow and calf of the plaintiff, while the said cow was in the act of calving, so that said cow and calf both died, to the plaintiff's damage $50." To which the defendants pleaded the general issue. There was evidence given on the trial, sufficient to warrant the jury in finding that the plaintiff's cow and calf were destroyed by the defendants' sow and pigs in the manner set forth in the declaration, upon the land of the plaintiff, where the sow and pigs were at the time of committing the said injury. But there is no allegation in the declaration, or evidence given on the trial, that swine possess natural propensities which lead them, instinctively, to attack or destroy animals in the condition of the plaintiff's cow and calf. Nor is there any allegation or evidence that the defendants previously knew or had notice that their swine were accustomed to do such or similar mischief, or that the swine broke and entered the plaintiff's close and there committed the mischief complained of.

It is a well settled principle that in all cases where an action of trespass or case is brought for mischief done to the person or personal property of another by animals *mansuetæ naturæ*, such as horses, oxen, cows, sheep, swine, and the like, the owner must be shown to have had notice of their viciousness before he can be charged, because such animals are not by nature fierce or dangerous, and such notice must be alleged in the declaration ; but as to animals *feræ naturæ*, such as lions, tigers, and the like, the person who keeps them is liable for any damage they may do *without notice ;* on the ground that by nature such animals are *fierce and dangerous.* (9 *Bac. Abr. tit. Trespass, I,* 505, 6 ; *Jenkins* v. *Turner,* 1 *Ld. Raym.* 109 ; *Mason* v. *Keeling, id.* 606 ; *S. C.* 12 *Mod.* 332 ; *Rex* v. *Huggins,* 2 *Ld. Raym.* 1583 ; 1 *Chit. Pl. ed.* 1812, 69, 70 ; *Vrooman* v. *Lawyer,* 13 *John. R.* 339 ; *Kinkley* v. *Emerson,* 4 *Cowen,* 351.) But this rule does not apply where the mischief is done by such animals while committing a trespass upon the close of another.

Van Leuven v. Lyke.

The common law holds a man answerable not only for his own trespass, but also for that of his domestic animals; and as it is the natural and notorious propensity of many of such animals, such as horses, oxen, sheep, swine, and the like, to rove, the owner is bound at his peril to confine them on his own land, and if they escape and commit a trespass on the lands of another, unless through defect of fences which the latter ought to repair, the owner is liable to an action of trespass *quare clausum fregit*, though he had no notice in fact of such propensity. (3 *Bl. Com.* 211; 1 *Chit. Pl.* 70.) And where the owner of such animals does not confine them on his own land, and they escape and commit a trespass on the lands of another, without the fault of the latter, the law deems the owner himself a trespasser for having permitted his animals to break into the enclosure of the former under such circumstances. And in declaring against the defendant in an action for such trespass, it is competent for the plaintiff to allege the breaking and entering his close by such animals of the defendant, and there committing particular mischief or injury to the person or property of the plaintiff, and, upon proof of the allegation, to recover as well for the damage for the unlawful entry as for the other injuries so alleged, by way of aggravation of the trespass, without alleging or proving that the defendant had notice that his animals had been accustomed to do such or similar mischief. The breaking and entering the close in such action is the substantive allegation, and the rest is laid as matter of aggravation only.

This principle is recognized as sound by several adjudged cases. In the case of *Beckwith* v. *Shordike and Hatch*, (4 *Burr*. 2092,) the action was trespass for entering the plaintiff's close with guns and dogs and killing his deer. The evidence showed that the defendants entered with guns and dogs, into a close of the plaintiff adjoining to his paddock, and that their dog pulled down and killed one of the plaintiff's deer. It was held to be *sufficient* evidence to prove the defendants trespassers, and they were held liable for the injury done by their dog, although it was not shown that they had any knowl

edge or notice of the propensity of the dog to do such or similar·
injury.

In *Angus* v. *Radin*, (2 *South. Rep.* 815,) the action was
trespass for the defendant's oxen breaking into the enclosure of
the plaintiff and there goring his cow, so as to kill her; and
upon the ground that the defendant had neglected to confine
his oxen on his own land and that they were trespassing on the
land of the plaintiff, he was held liable for the injury done, al-
though it was not alleged or proved that he knew or had notice
of the propensity of his oxen to commit such an injury. And
so in *Dolph* v. *Ferris*, (7 *Watts & Serg.* 367,) where the ac-
tion was trespass before a justice of the peace and there tried
without any declaration having been filed; therefore the court
held that the case must be considered as if the case had been
tried on the most favorable declaration for the plaintiff, which
the evidence would have warranted. The evidence was that
the bull of the defendant, which was running at large, broke
and entered into the enclosure of the plaintiff, where his horse
was feeding on the grass growing therein, and gored him so that
he died by reason thereof in a few days. The court held it to
be clear from the evidence, that the defendant might have been
declared against for having broken and entered the close of the
plaintiff, and the grass and herbage of the plaintiff there lately
growing with his bull eaten up, trod down and consumed, and
might also have been charged in the same declaration with
having killed or destroyed the plaintiff's horse or colt with
his bull.

But in the case under consideration, there is no allegation,
charging the defendants' swine with doing any act for which
the law holds the defendants accountable to the plaintiff with-
out alleging and proving a *scienter*. Had the plaintiff stated
in his declaration such ground of liability, or had charged that
the swine broke and entered his close and there committed the
mischief complained of, and sustained his declaration by evi-
dence, I am of opinion that he would have been entitled to re-
cover all the damages thus sustained; but as he has not stated
in his declaration either ground of liability, the defendants ought

not to be deemed to have waived the objection by not making it specifically before the justice. I think the judgment should be affirmed.

Judgment affirmed.