CHARLES DECKER *versus* JAMES M. GAMMON.

If damage be done by any domestic animal kept for use or convenience, the owner is not liable to an action on the ground of negligence, without proof that he knew that the animal was accustomed to do mischief before, if such animal is rightfully in the place where it does the mischief.

If domestic animals are *wrongfully* in the place where they do any mischief, the owner is liable for it, though he had no notice that they had been accustomed to do such mischief before ; and an allegation in the writ of such previous knowledge is unnecessary, and may be treated as surplusage.

When the declaration in a writ alleges that the defendant's horse, being unlawfully at large, broke and entered the plaintiff's close, and injured the plaintiff's horse, which was there peaceably and of right depasturing, it is sufficient to sustain a verdict for such injury.

This is an action on the CASE, to recover the value of a horse, alleged to have been injured by the defendant's horse, and comes forward on EXCEPTIONS to the rulings of GOODENOW, J.

The plaintiff introduced evidence tending to prove that at night, on the 13th of September, 1855, he put his horse into his field well and uninjured. The next morning, September 14th, his horse and the defendant's were together in his, the plaintiff's close, the defendant's horse having, during the night, escaped from the defendant's enclosure, or from the highway, into the close of the plaintiff, and that the plaintiff's horse was severely injured by the defendant's horse, by kicking, biting, or striking with his fore feet, or in some other way, so that he died in a few days after.

The defendant requested the presiding judge to instruct the

Decker *v.* Gammon.

jury that to entitle the plaintiff to recover against the defendant he must prove, in addition to other necessary facts, that the defendant's horse was vicious, and that the defendant had knowledge of such viciousness prior to the time of the alleged injury.

The presiding judge declined giving these instructions, and directed the jury, that, if they should find that the defendant owned the horse alleged to have done the injury to the plaintiff's horse, and if, at the time of the injury, he had escaped into the plaintiff's close, and was wrongfully there, and while there occasioned the injury, and that the horse died in consequence, that the plaintiff would be entitled to recover the value of the horse so injured. That it was not necessary for the plaintiff to prove that the horse was vicious, or accustomed to acts of violence towards other animals or horses, or that the owner had notice of such viciousness or habits.

The jury returned a verdict for the plaintiff.

*C. W. Walton* and *S. C. Andrews*, counsel for the defendant, argued in support of the exceptions.

*Copy of Declaration.* "In a plea of the case, for that the said plaintiff, on the 14th day of September, 1855, was possessed of a valuable horse, of the value of $125.00, which was peaceably and of right depasturing in his own close, and the defendant was possessed of another horse, *vicious and unruly,* which was running at large where of right it ought not to be, and being so unlawfully at large, broke into the plaintiff's close, at the time aforesaid, and viciously and wantonly kicked, reared upon, and injured the plaintiff's horse, so that his death was caused thereby, *which vicious habits and propensities were well known to the defendant at the time aforesaid.* To the damage, &c."

The very essence of the charge in the above, is that the defendant's horse was "*vicious and unruly*," "*which vicious habits and propensities were well known to the defendant,*"

and if these words were stricken out of the declaration, there would be no cause of action set forth in it.

Any person *injured in his land* by domestic animals, may recover his damages of the owner in an action of trespass *quare clausum fregit.* But such is not this form of action; and in this action no such damages are claimed.

So when a party is injured by the negligence of the defendant, he may in proper cases recover of the negligent and careless party. In this case, however, negligence is not even averred, and cannot, therefore, be the foundation of his right to recover.

The fact is, this action is brought, and the declaration framed, upon that rule of the common law which renders a man liable in case he keeps a vicious and unruly animal, after having knowledge of its viciousness. And the *injury*, the *vicious habit*, and the *knowledge*, are the essential facts in the case; and without proof of the two latter, the plaintiff cannot recover for the former.

This is not an action of trespass *quare clausum*, and the plaintiff complains of no injury to his close, describes no close, and does not allege that the injury complained of took place on land within the county of Oxford, as he would be obliged to do in an action of trespass for an injury to his land, that being a local action; and the plaintiff's counsel admitted in his argument, before the full court, that if he had brought such an action, the facts of the case would not have supported it. Neither is it an action based upon the carelessness or negligence of the defendant, as would be the case if he had left his horse in a public street unhitched and without a keeper. But it is just what it purports to be—an action on the case for keeping a vicious and unruly horse, *knowing* him to be vicious and unruly.

*Vrooman* v. *Sawyer*, 13 Johns. R., 339. Error to a justice's court. The plaintiff in the justice's court proved that the defendant's bull had gored his horse; but there was no evidence that the bull had ever before done similar acts, or

that he had ever before been unruly. The justice gave judgment for the plaintiff; but the Supreme Court for the correction of errors said:

"The judgment is clearly wrong. If damage be done by any domestic animal, kept for use or convenience, the owner is not liable to an action on the ground of negligence, without proof that he knew that the animal was accustomed to do mischief."

*Buxendin* v. *Sharp*, 2 Salk. R., 662. "The plaintiff declared that the defendant kept a bull that used to run at men; but did not say *sciens* or *scienter*, &c. This was held naught after verdict; for the action lies not unless the master knows of this quality, and we cannot intend it was proved at the trial, for the plaintiff need not prove more than is in his declaration."

*Rex* v. *Huggins*, 2 Ld. Raym., 1583. In noticing the different questions raised and discussed in the arguments, the court say: "There is a difference between beasts that are *feræ natura*, as lions and tigers, which a man must always keep up at his peril, and beasts that are *mansuetae natura*, and break through the tameness of their nature, such as oxen and horses. In the latter case an action lies, if the owner has had notice of the quality of the beast; in the former case an action lies without such notice."

*Jenkins* v. *Turner*, 1 Ld. Raym., 109. This case turned upon the sufficiency of the declaration, in which it was alleged that the defendant's boar had been accustomed to bite animals, without stating what kind of animals. In the course of the discussion the court remarked, that "the judge who tried the cause knew well that this would not be actionable, unless that the boar had used to kill or bite horses, sheep, &c., and consequently if that had not been proved, he would not have permitted the jury to have given a verdict for the plaintiff."

*Mason* v. *Keeling*, 12 Modern R., 333. Chief Justice HOLT says: "If they [animals] are such as are mischievous in their kind, he shall answer for hurt done by them without any no-

tice; but if they are of a tame nature, *there must be notice of their ill quality.*"

*May* v. *Burdett,* 9 A. & E., N. S., 101, (58 Eng. Com. Law R., 99.) This case decides that *negligence* is not the basis of the action. That the basis or gist of the action is the keeping of the animal *after knowledge of its mischievous habits.*

Yet, in violation of these well established rules of law, and in the very teeth of the plaintiff's averments, the jury have been permitted to find a verdict for the plaintiff for the value of his horse, without proof that the defendant knew his horse to be vicious and unruly, and without proof in point of fact that the horse had ever before manifested any such propensity. The allegations in the plaintiff's writ, of the viciousness of the defendant's horse, and the defendant's knowledge of the fact, are material, and lie at the very foundation of his right to recover.

The judge in his charge to the jury, seemed to put the plaintiff's right to recover upon the supposition that the defendant's horse was wrongfully in the plaintiff's close. Our answer is, that the plaintiff's declaration and the defendant's plea of not guilty put no such question in issue. Suppose the defendant had pleaded specially that his horse was rightfully in the plaintiff's close at the time of the alleged injury. Would such a plea be any answer to the plaintiff's declaration? Would proof of the truth of such a plea bar the plaintiff's right to recover? The grounds of his complaint are the *vicious habits of the horse,* and *the defendant's knowledge thereof.* Whether the defendant's horse was rightfully or wrongfully there was not in issue, and is a question entirely irrelevant to the legal merits of this case. The plaintiff may yet bring an action for a breach of his close, and the defendant may contest the breach, and the judgment in the case at bar could have no influence upon such a suit.

Hence we say that the ruling of the presiding judge was clearly wrong, both in withholding the instructions requested by the defendant, and in the instructions given to the

Decker *v.* Gammon.

jury; and that the exceptions ought to be sustained and a new trial granted.

The injury complained of in this case was the result of inevitable accident; and there are no principles of equity in favor of one party more than the other; and if the entire damage is to be borne by the defendant, rather than by the owner of the property to which the accident has occurred, it must be by virtue of some positive rule of law, and not otherwise.

*T. Ludden*, counsel for the plaintiff.

In an action on the case for negligence, the most general statement of the cause of action, if sufficient to put the defendant on his defence, is sufficient after verdict. *Taylor* v. *Day*, 16 Verm. R., 566.

In actions of tort the plaintiff is bound to prove no more of his declaration than is necessary to constitute a good cause of action. *Hutchingson* v. *Granger*, 13 Verm. R., 336; *Cook* v. *Champlain Tr. Co.*, 1 Denio R., 91; *Warren Litchfield*, 7 Maine R., 63.

The owner of a horse, who suffers it to go at large, is answerable for an injury done by it to any person, without proof that the owner knew the horse was vicious. *Goodman* v. *Gay*, 15 Penn. State R. (3 Harris,) 188.

An averment in a declaration, not required by law, is surplusage, and need not be proved. *Bean* v. *Simpson*, 16 Maine R., 49.

DAVIS, J. There are three classes of cases in which the owners of animals are liable for injuries done by them to the persons or the property of others. And in suits of such injuries the allegations and proofs must be varied in each case, as the facts bring it within one or another of these classes.

1. The owner of wild beasts, or beasts that are in their nature vicious, is, *under all circumstances*, liable for injuries done by them. It is not necessary, in actions for injuries by such beasts, to allege or prove that the owner knew them to

be mischievous, for he is conclusively presumed to have such knowledge; or that he was guilty of negligence in permitting them to be at large, for he is bound to keep them in at his peril.

"Though the owner have no particular notice that he did any such thing before, yet if he be a beast that is *feræ naturæ*, if he get loose and do harm to any person, the owner is liable to an action for the damage." 1 Hale P. C., 430.

"If they are such as are naturally mischievous in their kind, in which the owner has no valuable property, he shall answer for hurt done by them, without any notice; but if they are of a tame nature, there must be notice of the ill quality." HOLT, C. J. *Mason* v. *Keeling*, 12 Mod. R., 332.

"The owner of beasts that are *feræ naturæ* must always keep them up, at his peril; and an action lies without notice of the quality of the beasts." *Rex* v. *Huggins*, 2 Lord Raym., 1583.

2. If domestic animals, such as oxen and horses, injure any one, in person or property, *if they are rightfully in the place where they do the mischief*, the owner of such animals is not liable for such injury, unless he knew that they were accustomed to do mischief. And in suits for such injuries, such knowledge must be alleged, and proved. For unless the owner knew that the beast was vicious, he is not liable. If the owner had such knowledge he is liable.

"The gist of the action is the keeping of the animal after knowledge of its vicious propensities." *May* v. *Burdett*, 58 Eng. C. L., 101.

"If the owner have knowledge of the quality of his beast, and it doth anybody hurt, he is chargeable in an action for it." 1 Hale P. C., 430.

"An action lies not unless the owner knows of this quality." *Buxendin* v. *Sharp*, 2 Salk., 662.

"If the owner puts a horse or an ox to grass in his field, and the horse or ox breaks the hedge, and runs into the highway, and gores or kicks some passenger, an action will

not lie against the owner unless he had notice that they had done such a thing before." *Mason* v. *Keeling*, 12 Modern R., 332.

" If damage be done by any domestic animal, kept for use or convenience, the owner is not liable to an action on the ground of negligence, without proof that he knew that the animal was accustomed to do mischief." *Vrooman* v. *Lawyer*, 13 Johns. R., 339.

3. The owner of domestic animals, *if they are wrongfully in the place where they do any mischief*, is liable for it, though he had no notice that they had been accustomed to do so before. In cases of this kind the ground of the action is, that the animals were wrongfully in the place where the injury was done. And it is not necessary to allege or prove any knowledge on the part of the owner, that they had previously been vicious.

" If a bull break into an enclosure of a neighbor, and there gore a horse so that he die, his owner is liable in an action of trespass *quare clausum fregit*, in which the value of the horse would be the just measure of damages." *Dolph* v. *Ferris*, 7 Watts & Searg. R., 367.

" If the owner of a horse suffers it to go at large in the streets of a populous city, he is answerable in an action on the case, for a personal injury done by it to an individual, without proof that he knew that the horse was vicious. The owner had no right to turn the horse loose in the streets." *Goodman* v. *Gay*, 3 Harris R., 188. In this case the writ contained the allegation of knowledge on the part of the defendant; but the court held that it was not material, and need not be proved.

The case before us is clearly within this class of cases last described. It is alleged in the writ that " the plaintiff had a valuable horse which was peaceably and of right depasturing in his own close, and the defendant was possessed of another horse, vicious and unruly, which was running at large whereof right he ought not to be; and being so unlawfully at

22

large, broke into the plaintiff's close, and injured the plaintiff's horse, &c." It is also alleged that "the vicious habits of the horse were well known to the defendant;" but this allegation was not necessary, and may well be treated as surplusage. If the defendant had had a right to turn his horse upon the plaintiff's close, it would have been otherwise. But if the horse was wrongfully there, the defendant was liable for any injury done by him, though he had no knowledge that the horse was vicious. The gravamen of the charge was, that the horse was wrongfully upon the plaintiff's close; and this was what was put in issue by the plea of not guilty.

Nor are these principles in conflict with the decision in the case of *Van Lenven* v. *Lyke*, 1 Comstock, 515. In that case the action was not sustained, because the declaration was not for trespass *quare clausum*, with the other injuries alleged by way of aggravation. But in that case there was no allegation that the animal was wrongfully upon the plaintiff's close; or that the injury was committed upon the plaintiff's close. 4 Denio R., 127. And in the Court of Appeals it was expressly held, that "if the plaintiff had stated in his declaration that the swine broke and entered his close, and there committed the injury complained of, and sustained his declaration by evidence, he would have been entitled to recover all the damages thus sustained." 1 Coms., 515, 518.

In the case before us, though the declaration is not technically for trespass *quare clausum*, it is distinctly alleged that the defendant's horse, "being so unlawfully at large, broke and entered the plaintiff's close, and injured the plaintiff's horse," which was there peaceably and of right depasturing. This was sufficient; and the instruction given to the jury, "that if the defendant's horse, at the time of the injury, had escaped into the close, and was wrongfully there, and while there occasioned the injury, then the plaintiff would be entitled to recover," was correct. And this being so, the instruction requested, "that the plaintiff must prove,

Decker *v.* Gammon.

in addition to other necessary facts, that the defendant's horse was vicious, and that the defendant had knowledge of such viciousness prior to the time of the injury," was properly refused.

*Exceptions overruled.*

CUTTING, J., did not concur.