CHUNOT VS. LARSON.

WITNESS. *(1-3) Competency of wife as witness for husband: Proof of her agency.*

TRESPASS. *(4) Liability of owner of dog for damage done by it while trespassing on another's close.*

VARIANCE. *(5) A variance between pleading and proof held immaterial.*

1. In this state, a wife who has acted as her husband's agent is a competent witness for him to prove any act done by her, or fact occurring, within the scope of such agency.

2. After evidence showing that the wife of a party acted as his agent in respect to the matter in litigation, a general objection will not lie against her competency as a witness; but if she is asked any question relating to a matter not fairly within the scope of her agency, specific objection should be taken on that ground.

3. Testimony of a party that, on leaving home for three months, he left his farm and everything on it, including his stock, in charge of his wife, with directions to take care of everything as he would if at home, *held* sufficient to show her agency in the care of the stock.

4. One whose dog, while trespassing upon the close of another person, kills a domestic animal of the owner of the close, is liable to pay full compensation for the whole injury, though he had no previous knowledge of any vicious propensity of the dog. RYAN, C. J., dissents.

5. The fact that the complaint in such a case alleges, not only the trespass and the killing but also a previous vicious propensity of the dog, known to the defendant, will not prevent a recovery upon proof of the former averments alone.

APPEAL from the Circuit Court for *Crawford* County. The complaint in this action alleges that at the times thereinafter mentioned, the defendant, at etc., wrongfully kept and owned a dog, accustomed to chase, worry and kill cows and other domestic animals, as defendant well knew; that, on etc., said dog wrongfully and forcibly broke and entered a certain described close of the plaintiff, and in said close did wrongfully chase, worry and kill a certain cow of the plaintiff, of the value of $50, to plaintiff's damage in that sum, for which judgment is demanded. Answer, a general denial.

Chunot vs. Larson.

On the trial, plaintiff's wife was permitted to testify in his behalf, against a general objection to her competency. The evidence previously given as to her having acted as her husband's agent in taking care of the animal which was killed, is stated in the opinion. The court permitted another witness for the plaintiff to answer, against objection, certain questions as to the kind of fence maintained by the plaintiff around his cowyard, and as to the disposition of defendant's dog.

The court charged the jury, that if a dog is unlawfully in the close of a person other than its owner, and there commits damage, the owner is liable, though he had no previous knowledge of the vicious propensities of the dog; and that, if they found in this case that defendant's dog unlawfully and wrongfully entered plaintiff's close without any fault on plaintiff's part in enticing it there, and, while there, injured plaintiff's cow so as to cause her death, they should award plaintiff the value of the cow as damages.

There was a verdict for the plaintiff assessing his damages at $20; a new trial was denied; and defendant appealed from a judgment on the verdict.

The cause was submitted on the brief of *M. M. & D. Webster* for the appellant, and that of *Thomas & Fuller* for the respondent.

For the appellant it was argued, 1. That the court erred in admitting the wife generally as a witness for plaintiff. A wife may testify as agent of her husband only where there has been an express or implied authority given to her as such; and a temporary absence of the husband from home is not sufficient. And even when she has been authorized to act as his agent, she cannot be called as a witness generally in the case, but only as to matters clearly within the scope of her agency. *Meek v. Pierce*, 19 Wis., 300, 302. See also *U. S. v. Mills*, 1 Pin., 73; *Schœffler v. The State*, 3 Wis., 823; *Birdsall v. Dunn*, 16 id., 235; *Savage v. Davis*, 18 id., 608; *Farrell v. Ledwell*, 21 id., 182; *Mountain v. Fisher*, 22 id., 93;

*Butts v. Newton,* 29 id., 632; *O'Conner v. Ins. Co.,* 31 id., 160. 2. That the court erred in admitting the question as to the character of plaintiff's fence, because there was no proof that defendant's dog entered the plaintiff's close at the time alleged; and that the question in relation to the ferocity of defendant's dog, was wholly irrelevant without proof of knowledge on defendant's part. 3. That the court erred in holding that defendant was liable without proof that he had knowledge of any vicious propensities of his dog. *Dearth v. Baker,* 22 Wis., 73; *Kertschacke v. Ludwig,* 28 id., 430; *Slinger v. Henneman,* 38 id., 504; *Mason v. Keeling,* 12 Mod., 336; *Brown v. Giles,* 1 C. & P., 118; *Read v. Edwards,* 34 Law Jour., C. P., 32; *S. C.,* 17 C. B., N. S., 245; *Woolf v. Chalker,* 31 Conn., 121; 1 Addison on Torts, 30, 231, 254, 329, and cases cited in the notes.

For the respondent it was contended, 1. That the plaintiff's wife was sufficiently shown to have acted as his agent in the care of the cow *(O'Conner v. Ins. Co.,* 31 Wis., 160; *Butts v. Newton,* 29 id., 632), and was a competent witness for him in reference to the matter in dispute. 16 Wis., 235; 17 id., 167; 31 id., 160. 2. That defendant was liable without proof of previous knowledge of the dog's vicious propensity, the plaintiff not being in fault and the dog being a trespasser. 1 Chitty's Pl., 94, 95; 3 Bl. Com., 211; *Beckwith v. Shordike,* 4 Burr., 2092; *Angus v. Radin,* 2 South., 815; *Dolph v. Ferris* 7 W. & S., 367; *Decker v. Gammon,* 44 Me., 322; *Fairchild v. Bentley,* 30 Barb., 147; *Van Leuven v. Lyke,* 1 N. Y., 515.

COLE, J. I. Says DIXON, C. J., in *O'Conner v. Hartford Fire Ins. Co.,* 31 Wis., 160–166: "It is well settled in this state that the wife, having acted as the agent of the husband, is a competent witness for him to prove any act done by her or fact transpiring within the scope of such agency." See further the cases in the note to *Birdsall v. Dunn,* 16 Wis., 236 (V. & B.'s ed.), where the cases upon this subject are col-

lected.   In the case before us, when Mrs. Chunot was offered as a witness, her testimony was objected to on the ground that she was the wife of the plaintiff.   The objection was a general one to her competency.   She was certainly a competent witness for the plaintiff to prove any matter within the scope of her agency, under the rule established in this state.   If any questions were asked her which did not relate to a matter fairly within the scope of her agency, upon objection, they doubtless would have been ruled out.   For when she was recalled to rebut the testimony of the defendant, a question was asked her as to a conversation she had had with him, which, upon objection, was excluded.   This was the only specific objection taken to any question asked her on her examination.   That she was an agent for her husband within the rule is very apparent from the plaintiff's testimony.   He testified that when he went from home to be gone three months, he left the farm and everything on the same, including the stock and the cow which was killed, in charge of his wife, with directions for her to take care of everything in the same manner as he would if at home.   This shows an express delegation of authority to the wife to take care of the cow, and she could testify to anything done by her in the execution of her agency.   Upon obvious grounds the case is distinguishable from *Meek v. Pierce*, 19 Wis., 300, where there was no authority, express or implied, given the wife by the husband, which would make her acts binding upon him.   The case seems to come fully within the decision of *O'Conner v. Hartford Fire Ins. Co., supra*, and kindred cases.

II. We can see no substantial objection to the questions which were asked the witness Cherrywinker.   The testimony elicited tended to prove that the fence around the yard where the cow was confined, was sufficient to keep her within the inclosure, and also related to the character of the dog.   Each question in some aspects of the case would be proper, and might call forth material evidence.

III. The general charge of the court was very favorable to the defendant, and no exception was taken to it. But exceptions were taken to the following instructions given at the request of the plaintiff:

"1st. In this case the complaint is for a trespass in wrongfully breaking and entering the plaintiff's close by the defendant's dog. The killing of plaintiff's cow by defendant's dog while thus in the plaintiff's close is alleged in aggravation of the trespass. The owner of the dog is not in general liable for an injury committed by such animals, unless it be alleged and shown that such owner had notice of the vicious propensity of the dog. Nothwithstanding this general rule, however, if it is shown that such dog is unlawfully in the close of another, and commits the mischief complained of there and while so unlawfully in such close, the owner is liable without alleging or proving that he had previous notice of the vicious propensities of the animal.

"2d. So, in this case, if you find from the evidence that, without any fault on the part of the plaintiff in enticing the dog there, the defendant's dog unlawfully and wrongfully broke and entered the plaintiff's close, and, while thus in said close, killed plaintiff's cow, or there bit or injured plaintiff's cow so that the cow afterwards died from the effects of such injuries, you will find for the plaintiff, and assess his damages at such sum as the evidence shows to be the value of the cow."

The complaint states, in substance, that the defendant wrongfully kept and owned a dog accustomed to chase, bite, worry and kill cows and other domestic animals; alleges a *scienter*, and that said dog, on etc., at etc., "wrongfully and forcibly broke and entered the close of the plaintiff there situated, and did then and there, in said close, wrongfully hunt, chase, bite, worry, mangle and kill a certain cow of the plaintiff, of the value," etc. It will be noticed that, while there is an allegation of the vicious propensities of the dog and the

Chunot vs. Larson.

defendant's knowledge thereof, still there is the further aver-
ment that the dog broke into the plaintiff's close and com-
mitted the injury complained of. Now, if the allegation as
to breaking the close and killing the cow there was proven,
could not the plaintiff recover, though he did not show that
the defendant knew the dog was accustomed to bite and kill
domestic animals? It seems to us, under the authorities, that
there could be a recovery in such a case. See *Beckwith v.
Shordike*, 4 Burr., 2093; *Angus v. Radin*, 5 N. J. Law, 815;
*Dolph v. Ferris*, 7 W. & S., 367; *Lyke v. Van Leuven*, 4 Denio,
127; *S. C.*, in court of appeals, 1 N. Y., 515; *Decker v. Gam-
mon*, 44 Me., 322, and authorities referred to in the opinions.
The ground of liability rests upon a breach of the close, and
the killing of the cow is alleged by way of aggravation of
damages. The dog being a trespasser in the place where the
injury was committed, the defendant was bound to make full
compensation for the whole injury which he did, whether he
had previous knowledge of the vicious propensity of the dog
or not. This is the doctrine laid down or recognized in the
above authorities. The fact that knowledge on his part was
alleged in the first part of the complaint, did not vitiate the
allegation as to the trespass *quare clausum*, or impose upon
the plaintiff the burden of proving a *scienter*. *Utile per
inutile non vitiatur*, is a maxim which may be applied to the
complaint. So that, while the plaintiff alleged more than was
necessary to state a cause of action, yet this does not prevent
him from recovering upon the cause of action which he actu-
ally established by his proof. He was not bound to prove the
complaint to the extent alleged.

There was no error in giving the above instructions, or in
refusing to grant a new trial under the circumstances. The
judgment of the circuit court must be affirmed.

RYAN, C. J. I am not satisfied that this judgment is cor-
rect, and therefore withhold my assent. I confess, however,

that I have not had leisure to examine the question involved with sufficient care to form a positive judgment. The particular case does not appear to be of much consequence. But the principle on which the judgment rests is far reaching, and may involve the court in difficulties not sufficiently considered in passing upon the case.

There is a distinction in the books, in responsibility for animals *feræ naturæ*, and for animals *mansuetæ naturæ*. Generally, I think, the liability of the owner for injuries caused by an animal escaping without his fault, is limited by the natural habits of the animal. The rule is perhaps different when an animal escapes by the culpable negligence of the owner.

When an animal *mansuetæ naturæ* becomes mischievous or destructive outside of its nature, it is held as *feræ naturæ*. But the like liability of the owner for it attaches only upon notice of its vice. *Lyke v. Van Leuven*, 4 Denio, 127.

"There is a difference between beasts that are *feræ naturæ*, as lions and tigers, which a man must always keep chained up at his peril, and beasts that are *mansuetæ naturæ*, and break through the ordinary tameness of their nature, such as oxen and horses. In the latter case, an action lies only if the owner has had notice of the mischievous nature of the beast. In the former case an action lies without such notice." Addison on Torts, 191.

All the cases treat the dog, against the authority of Dr. Watts, as *mansuetæ naturæ* until he becomes vicious to his owner's knowledge. As an English judge is reported to have lately said, the law allows a dog his first bite. 17 Alb. L. J., 196.

Property in a dog is of peculiar character. "A man is not, by the common law, considered to have the same valuable property in a dog as in cattle and sheep; and it has been held that if a man's dog goes into his neighbor's garden, and spoils and injures his crops, no action will lie, unless the dog is of a

Chunot vs. Larson.

peculiarly mischievous disposition, so as to be unfit to be at large, and this is known to the master." Addison on Torts, 267. It would thus seem that the common law vests in a reputable dog the right of going and coming where he listeth, without charging his master for trespass.

This view of a dog's license appears to be quite old. "There is a great difference between horses and oxen, in which a man has a valuable property, and which are not so familiar to mankind, and dogs; the former the owner ought to confine, and take all reasonable caution that they do no mischief, otherwise an action will lie against him; but otherwise of dogs, before he has notice of some mischievous quality. But in the former case, if the owner puts a horse or an ox to grass in his field, which is adjoining to the highway, and the horse or the ox breaks the hedge, and runs into the highway, and kicks or gores some passenger, an action will not lie against the owner; otherwise, if he had notice that they had done such a thing before. Now, for anything that appears to the contrary, the owner might not have had this dog but one day or two before, and did not know of this fierce nature; and then the dog, because the door was left open, ran out and bit the plaintiff; it will be very hard to subject this defendant, the owner, to an action for it. Otherwise, if the defendant had known before that this dog was of such a fierce nature, for he ought to have kept him in at his peril." HOLT, C. J., and TURTON, J., in *Mason v. Keeling*, 1 Ld. Raymond, 606. " The law does not oblige the owner to keep the dog in his house; for if the dog break a neighbor's close, the owner will not be subject to an action for it." HOLT, C. J., in the same case.

*Dearth v. Baker*, 22 Wis., 73; *Kertschacke v. Ludwig*, 28 id., 430, and *Slinger v. Henneman*, 38 id., 504, do not indeed sanction this view to its full length, but are quite in accord with it as far as they go. And *Meibus v. Dodge*, 38 Wis., 300, is not in conflict with it. The latter case turned altogether upon the defendant's knowledge of the ferocious

disposition of his dog. I took no part in that case, having been absent. But I heard the opinion read before it was filed, and expressed doubts of its correctness. I was inclined to think that the plaintiff there was guilty of contributory negligence; indeed that, as between him and the dog, he was the trespasser. In that case, as in this, I was disposed to lean in favor of the dog.

I am of course not unaware that many cases take a different view; and that there was at common law some subtlety and conflict of decision on the question, whether and when the remedy was in case or in trespass. Indeed, there may be almost as much difficulty in finding a fixed rule in canine law as in canine Latin. But without further opportunity of investigation, I prefer my view to that followed in the opinion of the court.

The complaint in this case was in trespass *quare clausum fregit*. Negligence of the appellant was not averred. But the vicious nature of the dog and the *scienter* were averred. And on the authority of *Dearth v. Baker*, as well as on principle, I incline to the opinion that these were essential averments; that the general charge of the learned judge of the court below correctly stated the law; and that his first instruction given on the respondent's request was erroneous.

As already seen, the law in relation to dogs is, in some respects, distinguishable from that in relation to other domestic animals. This distinction is not recognized in the opinion of the court in this case; and the rule of the owner's full responsibility for all injuries by trespassing animals, whether within or without their natural habits, is not apparently limited to any class of animals. The opinion does not notice the distinction between animals *feræ naturæ* and animals *mansuetæ naturæ;* between domestic animals with vicious habits, and domestic animals without vicious habits. It appears to hold persons as liable for all actual damages by accidental trespass of their animals, as for like personal trespass. I am

afraid that this is not quite in accord with some judgments of this court, and may prove troublesome. For instance, such a rule has never been recognized in cases arising from trespass of animals on railroads. Doubtless the owner of a horse or an ox trespassing on a railroad, without fault of the company, would be liable to it for grass, beside the track, eaten or trodden down by the animal; for these injuries would be within its nature. But if a domestic animal, contrary to its nature, should attack a railroad train and wreck it, the owner's liability would be a very grave question. If such a case should arise, the judgment in this might trouble the court.

*By the Court.* —The judgment of the circuit court is affirmed.