(13 App. Div. 3.)

## O'CONNELL v. JARVIS.

(Supreme Court, Appellate Division, Third Department. January 15, 1897.)

ANIMAL—TRESPASSING DOG—INJURY BY BITE.

A child who, while in his father's house, was bitten by defendant's dog, which had strayed into the house, cannot recover therefor, where defendant did not know that the dog was vicious, since the child had to recover, if at all, for the trespass. and, not being the owner of the premises, had no substantial cause of action to which to annex the aggravation of damages caused by the dog's bite.

Appeal from Broome county court.

Action by Edward O'Connell, an infant, by his guardian, against Charles M. Jarvis, as administrator of the estate of Henry S. Jarvis, deceased, to recover damages for being bitten by intestate's dog. There was a judgment for plaintiff on a verdict, and defendant appeals. Reversed.

The plaintiff, an infant 2½ years old, was bitten by a dog of Henry S. Jarvis, defendant's intestate, and deceased since the verdict. The dog, a large St. Bernard, came into the house of the plaintiff's father, where plaintiff was. The dog was gnawing a bone. It was not known or supposed by the intestate to be vicious, but it did bite and seriously injure the plaintiff in plaintiff's father's house.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

D. S. & R. B. Richards, for appellant.
A. D. Wales, for respondent.

LANDON, J. The learned county judge charged the jury "that, the dog being a trespasser at the time upon the premises upon which this plaintiff was and had a right to be, the plaintiff is entitled to recover." The common-law rule was that the owner of a dog was not liable for trespass on account of the dog's entering upon the premises of another, because the dog was not property, but a base animal, kept for whim or pleasure, and, being of a roving disposition, and kindly disposed towards mankind, it was unreasonable for

the law to take any notice of it. It required a statute to make the owner of a dog not known to him to be vicious liable for killing or wounding sheep. Auchmuty v. Ham, 1 Denio, 495. But if a dog become vicious, then he is a nuisance, and as soon as his master has notice of his vicious propensity he lets him rove at his peril.

But it is now held that a dog is property and the subject of larceny. Mullaly v. People, 86 N. Y. 365. Hence it is contended that the owner's liability for his dog's trespass upon another's land is like that of his sheep, cattle, poultry, or other animals, in which the law gives him property. But such animals, when roving at large, are apt to do damage to the premises they invade, and hence it is the duty of the owner to restrain them from entering upon another's premises. But dogs are not apt to do such damage. It would be strange, indeed, if the master should be liable for trespass every time his dog or cat set foot upon another's premises. In Brice v. Bauer, 22 Wkly. Dig. 273, the court held that, where defendant's dog entered upon plaintiff's premises, and bit the plaintiff, the defendant was liable, because the dog was a trespasser upon plaintiff's land, although the defendant did not know the dog to be vicious. The court of appeals (108 N. Y. 428, 15 N. E. 695) affirmed the judgment upon the ground that the record showed that the defendant did know the dog to be vicious.

But if the same rule should apply to dogs as to horses and cattle and other animals because of their property value, the action must be for breaking and entering the plaintiff's close, and the particular mischief, such as killing another animal, must be alleged in aggravation of damages. Van Leuven v. Lyke, 1 N. Y. 515. Here the plaintiff did not own the premises. He had the right to be upon them as the child of his father, and under his protection. The plaintiff, therefore, has no substantive cause of action to which to annex the aggravation of damages caused by the bite of the dog.

The judgment is reversed, and new trial granted, costs to abide the event. All concur.