## BURTON et al. v. GRISSOM.

No. 13138—Opinion Filed May 19, 1925.

Rehearing Denied Feb. 2, 1926.

**Judgment—Loss of Lien Through Dormancy —Lien for Improvements Under Original Creek Treaty Lost by Laches.**

Judgment of the United States commissioner's court for the Indian Territory rendered on November 4, 1901, cannot be asserted as a lien against lands where the judgment has become dormant by permitting six years to elapse while the Arkansas procedure was in force in the Indian Territory, and approximately eleven years more to elapse after the erection of the state of Oklahoma without the issuance of a scire fa-

cias or execution or the filing of a transcript in any court of record.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by J. E. F. Grissom against Pearl Burton et al. Judgment for plaintiff, and defendants bring error. Reversed with directions.

G. E. Cassity, for plaintiffs in error.

A. L. Emery, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. The plaintiff sued defendants to subject certain lands to the lien of a judgment obtained in the United States commissioner's court prior to statehood. Said judgment was recovered on November 4, 1901, and no execution or other process was ever issued thereon.

The instant action was commenced on February 4, 1918, by filing a petition in the district court of Okmulgee county. The plaintiff recovered a judgment declaring the judgment rendered by the United States commissioner's court to be a lien on the premises described in the petition. It is plain that plaintiff was entitled to said lien by virtue of section 5 of the Original Creek Agreement, which is as follows:

"If any citizen have in his possession, in actual cultivation, lands in excess of what he and his wife and minor children are entitled to take, he shall, within 90 days after the ratification of this agreement, select allotments for himself and family aforesaid, and if he have lawful improvements upon such excess he may dispose of the same to any other citizen, who may thereupon select lands so as to include such improvements; but, after the expiration of 90 days from the ratification of this agreement, any citizen may take any lands not already selected by another; but if lands so taken be in actual cultivation, having thereon improvements belonging to another citizen, such improvements shall be valued by the appraisement committee, and the amount paid to the owner thereof by the allottee, and the same shall be a lien upon the rents and profits of the land until paid: provided, that the owner of improvements may remove the same if he desires."

It appears from the agreed statement of fact that since the rendition of the judgment, no execution has ever been issued from the court where the judgment was obtained, and that no transcript of said judgment was ever filed in any court of record of the state of Oklahoma since statehood. The judgment rendered by the United States com-

missioner's court does not provide for a lien, but contains the following statement:

"The court having heard all of the evidence offered by the parties, and the argument of counsel, finds the issues for the plaintiff upon the debt in the sum of $240, but in favor of the defendant and against the plaintiff upon the attachment."

The judgment of the district court sought to be reversed declares said judgment a first lien on the rents and profits of the land described. It apparently is the theory of the plaintiff, and was the theory of the trial court, that under section 5 of the Original Creek Agreement a lien might be had on the rents and profits of certain lands for an indebtedness which accrued by reason of the taking by the allottee of improvements belonging to another citizen. No such provision appears in the Supplemental Creek Agreement. The Original Creek Agreement was ratified May 25, 1901. Judgment was obtained November 4, 1901, with no provision in said judgment for a lien as provided by section 5 of the Original Creek Agreement. The plaintiff allowed more than six years to elapse while the Arkansas procedure was in force in the Indian Territory, and allowed approximately eleven years more to elapse after the erection of the state of Oklahoma, before the filing of an action to enforce his claim. During all of this time he made no effort to enforce a lien, and did not issue any scire facias or other writ, and did not file a transcript of his judgment in any court of record. We must therefore conclude that plaintiff's contention at this time, that he is entitled to a lien on the land, or entitled to a lien on the rents and profits thereof, which directly affects the land, comes to naught.

See the following statutes which were in force in the Indian Territory: Sections 3917, 3918, 3921, 3925, 4028, 4100, 4101, 4102, 4486, and 4487, Mansfield's Digest of the Statutes of Arkansas.

See, also, the following decisions: Hicks v. Brown, 38 Ark. 469; Reaves v. Turner, 20 Okla. 492, 94 Pac. 543; Maine v. Edmunds, 58 Okla. 645, 160 Pac. 483.

Further, the land at this time is in the hands of a third person whom the court might well have adjudged to have been an innocent purchaser for value without notice.

For these reasons, the judgment is reversed, with directions to dismiss the action.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 621.