MATTHEWS and another, Respondents, vs. SCANNELL, Appellant.

*March 6—April 1, 1930.*

The cause was submitted for the appellant on the brief of *Reynolds & Dwyer* of Green Bay, and for the respondents on that of *Lee H. Cranston* of Green Bay.

ROSENBERRY, C. J.   Except for the question raised in regard to the nature of defendant's liability, we should affirm this judgment without opinion under the rule.   The defendant contends that the plaintiffs may not recover because the rabbits are not enumerated in sec. 174.02 of the Statutes, which is as follows:

"The owner or keeper of any dog which shall have injured or caused the injury of any person or property or killed, wounded or worried any horses, cattle, sheep or lambs shall be liable to the person so injured and the owner of such animals for all damages so done, without proving notice to the owner or keeper of such dog or knowledge by him that his dog was mischievous or disposed to kill, wound or worry horses, cattle, sheep or lambs."

The statute was intended to change the rule of the common law requiring proof of scienter.   A claimant does not need to prove the keeper had knowledge of the vicious propensities of the animal in the cases falling within the statute. The statute also makes the keeper as well as the owner liable.

The complaint alleges a trespass by the dog and the killing of the rabbits by way of aggravation of the damage.   The case of *Chunot v. Larson,* 43 Wis. 536, adopted the rule that where a dog while trespassing upon the property of another does damage, the owner is liable for the injury though he had no previous knowledge of any vicious propensity of the dog.   Such is the rule in many states, among others, Connecticut, Massachusetts, New York, Ohio, and Vermont. See cases cited in 3 Corp. Jur. p. 94, note 82.   Proof of

scienter is not required at common law where the injury results from the natural propensity of the trespassing animal. See *Lyons v. Merrick,* 105 Mass. 71; *Goodman v. Gay,* 15 Pa. St. 188; 3 Corp. Jur. p. 95, § 326, cases cited and notes.

In other cases proof of scienter is held necessary because the owner has no reason to anticipate that the animal will do injury. The owner is liable for the injury done by animals acting from natural propensities without proof of scienter.

To require proof that a dog might kill rabbits would be to require proof of the most natural trait of the animal. In this case the dog was found in the hutch, which he could have entered only by going through a trap door, so there is no question about the matter of trespass, and under the decisions cited the defendant was liable for the resulting damage. The killing of the rabbits merely enhanced the damages. While the verdict seems high, it is supported by the evidence.

*By the Court.*—Judgment affirmed.