## OVERINGTON v. DUNN.

June 22, 1835.

*Rule to show cause why a new trial should not be granted.*

A person leaving his horse standing unfastened or unheld in a populous place, is guilty of *gross negligence,* for which he is responsible to the party injured, although the qualities and habits of the animal are such as to induce the belief of perfect safety in so doing; and evidence of the latter, in an action for an injury sustained in consequence of such negligence, if given in the cause, must be disregarded by the jury.

THIS was an action on the case to recover damages for the loss of a horse, occasioned by the negligence of the defendant, tried before STROUD, J. Upon the trial the following facts appeared.

The defendant was a practising physician. On the day the injury occurred, while making a professional visit, he left his horse and gig in a lane about ten yards from the door of the house in which his patient was. He did not secure his horse in the ordinary way, or leave any person to take care of him. The patient, a child, was brought to the door of the house, at the defendant's request, so that the defendant might have seen his horse from the place where he stood. While thus engaged in the examination of the patient, the horse, unperceived, left the place and the lane, got into the public highway, and while passing down Fifth near Coates street, in the built parts of the town, and at considerable speed, came in contact with the horse of the plaintiff, which was in a team attached to a wagon. The shaft of the defendant's gig entered the plaintiff's horse, of which the animal died.

Evidence was offered by the defendant, and received *without objection,* that the horse was well broken; that he was kind and tractable; *and that he was accustomed to stand for hours together without being tied.* The defendant also gave in evidence a description of the place at which he left his horse. The house was in the suburbs; it was

(*a*) See Gest *v.* Espy, 2 *Watts's Rep.* 268, reported after this decision was made.

[*Overington v. Dunn.*]

built upon a lane or court about thirty feet wide.   Across the lane or court, at the public road, there was a large gate, which the defendant found and left open.   Owing to obstructions, he was unable to drive quite up to the door of the house, but he drove as near to it as the circumstances of the place would allow.   It also appeared, that owing to these obstructions, it was impossible for the horse to get from the place at which he was left, into the public road, without first backing a considerable distance.

The judge who tried the cause charged the jury, " that negligence was a question of fact for their consideration, but that in deciding it, they ought not to take into view the peculiar qualities of the defendant's horse ; that they should rather consider and decide whether the care taken by the defendant would be sufficient in the case of any horse."

Verdict for the plaintiff.

Defendant moved for a new trial, and assigned for reason, that in charging as above, the judge had misdirected the jury.

*Miles*, for plaintiff.

*Naylor*, for defendant.

Authorities cited : 2 *Lev. Rep.* 172 ; Michael *v.* Alestree, 2 *Esp. D. N. P.* 260 ; 1 *Chitty's Pl.* 94 ; Butterfield *v.* Forrester, 11 *East* 60 ; Flower *v.* Adam, 2 *Taunt.* 314 ; Wakeham *v.* Robinson, 1 *Bing.* 213 ; Bush *v.* Steanman, 1 *Bos. & Pull.* 404.

The opinion of the Court was delivered by

JONES, J.—Negligence, in the sense of the law, can occur only in cases where there is a legal obligation to observe care : it is the omission of that degree of care which the law requires.   If no care be taken, where the law requires it, the negligence is gross.   If some care be taken, but less than the law requires, the negligence is greater or less according to the degree of deviation.

It is sometimes supposed, that where little or no danger is apprehended from the omission of care, the obligation to use it is proportionally less, or does not exist at all ; and such appear to be the views of the defendant in this case.   But this idea confounds the fact of negligence with the danger or risk attending it.   They are however entirely distinct ; cause and effect are not more so.   A grossly negligent act (as the law would denominate it) may be attended, in fact, with very slight risk ; and an act perfectly proper, and performed with extraordinary care, may, from causes not fore-

[Overington v. Dunn.]

seen, and for which the agent may not be responsible, be followed by disastrous results.

The rule requiring care, as applied to this case, assumes as its basis, that the defendant's horse had been trained so as to be obedient to the customary means of restraint. The evidence shows that such was the fact: and if the defendant had made use of those means when he left his horse, he would not have been responsible, although his horse had broken loose and afterwards caused the injury complained of. If, however, his horse had been imperfectly trained, or was vicious or unmanageable, he would not have been entitled to invoke the benefit of this rule. Such was the case of Michael v. Alestree, in 2 *Lev.* 172, cited by the defendant's counsel. In that case, the defendant had brought a coach, "with two unmanageable horses, into a place where the people were always going to and fro, and there drove them to make them tractable for a coach; and the horses not being to be managed, ran upon the plaintiff." It is obvious that the qualities of the animals were referred to in that case, not for the purpose of diminishing the degree of care required by the law of persons using horses, but to show that no degree of care would excuse the act. To make that case an authority for the defendant's argument, it should prove that ordinary care only is required in the use of ferocious and unmanageable animals; then he might, consistently with the case, infer from it that less than ordinary care, or no care at all, is required in the use of horses extremely well broken, and accustomed to stand without being secured in the ordinary way. But a case which should support such a proposition would be entitled to no respect.

In this case there was no evidence of any care used by the defendant to restrain his horse at the time he left him. On the contrary, it is express, that he left his horse at large. In the eye of the law his negligence was gross; it could not be greater. He, no doubt, thought that there was no risk attending this neglect. It may be conceded that most persons, as his counsel has asserted, would have done as the defendant did; but the event proved that it was unsafe. It was an error of judgment, and the law makes him responsible for the consequences. We are of opinion that the charge of the judge was substantially correct.

Rule discharged.