## Dolph *against* Ferris.

If a bull break into an enclosure of a neighbour, and there gore a horse so that he die, his owner is liable to an action of trespass *quare clausum fregit*, of which a justice of the peace has jurisdiction, and in which the value of the horse would be a just measure of damages.

ERROR to the Common Pleas of *Luzerne* county.

Alexander Dolph against William Ferris. This was an action of trespass, which originated before a justice of the peace, and was brought into the Common Pleas by appeal. The proof was that the defendant's bull jumped into the enclosure of the plaintiff and gored his horse so that he died. The court below was of opinion that case, and not trespass, was the only remedy for the alleged

injury, and as a justice had no jurisdiction of the former, the plaintiff must fail in this action.

*Kidder,* for the plaintiff in error, argued that trespass *quare clausum fregit* was the proper remedy, and cited 3 *Bl. Com.* 133. 211; 1 *Chitt. Pl.* 70. 167; 10 *Serg. & Rawle* 394; and referred to an opinion of Justice Burnside, in *Foster* v. *Sample,* affirmed by this court in 1834, and not reported.

*Dana* and *Butler,* contra, argued that the wrong complained of was consequential by reason of the non-feasance of the defendant in not keeping his bull properly confined, and not immediate, and therefore case was the proper remedy. For permitting animals, *feræ naturæ,* to break into and injure the plaintiff's close, trespass lies, but if done by animals *mansuetæ naturæ,* and the owner has notice, case is the proper remedy. 1 *Ld. Raym.* 109. 606; 2 *Ld. Raym.* 1583; 13 *Johns.* 339; 3 *Halstead* 267; *Peake's Ev.* 292; 1 *Day. Com. Dig.* 242; 1 *Tid. Pr.* 5.

The opinion of the Court was delivered by

Kennedy, J.—Writ of error to the Court of Common Pleas of Luzerne county. The action was originally brought before a justice of the peace of the county, who, after hearing the parties, their proofs and allegations, rendered a judgment in favour of the plaintiff, against the defendant, for $55 damages, besides costs of suit. From this judgment the defendant appealed to the Court of Common Pleas. By the transcript of the justice's docket, as returned by him with the appeal, it appears that the action was brought in " trespass, for damages : plaintiff claimed $75 for defendant's bull killing plaintiff's horse ;" and by the evidence given on the trial of the cause in court, it appears that the bull of the defendant, which was running at large, broke and entered into the enclosure of the plaintiff, where his horse was feeding on the grass growing therein, and gored him so that he died by reason thereof in a few days. The court below were of opinion that the facts testified to on behalf of the plaintiff did not warrant the bringing of an action of trespass ; that an action on the case only would lie for the same ; but of this the justice of the peace had no jurisdiction, and therefore instructed the jury that their verdict should be in favour of the defendant ; which was accordingly given, and judgment rendered thereon by the court. To the instruction of the court thus given to the jury, the counsel for the plaintiff excepted, and has assigned the same for error here. It appears that the cause was tried in the court below without any declaration having been filed by the plaintiff or his attorney, and we must therefore take the case as if it had been tried on the most favourable declaration for the plaintiff, that the transcript from the justice, and the evidence intended to be, and actually given, would

[Dolph v. Ferris.]

have warranted. Now it is too well settled to admit of the least doubt, that a man is not only answerable for his own trespass, but likewise for that of his cattle ; for if by his *negligent* keeping they stray upon the land of another, (and much more if he *permits* or *drives* them), and they there tread down his neighbour's herbage, and spoil his corn or his trees, this is an injury for which the owner is liable to be sued in an action of trespass *quare clausum fregit,* and to make compensation therefor in damages to be assessed against him. 3 *Bl. Com.* 211 ; 2 *Roll. Ab.* 568 ; 1 *Ld. Raym.* 608. 1583 ; *Bac. Ab., tit. Trespass, G.* 2. On account of the natural and notorious propensity of horses, cows and sheep, to rove, the owner is bound, at all hazards, to confine them on his own land ; and if they escape and do any mischief on the land of another, which they are naturally inclined to commit, the owner is liable to an action of trespass, though he had no notice in fact of such propensity. 12 *Mod.* 335 ; *Ld. Raym.* 606, 1583 ; *Dyer* 25, *pl.* 162 ; *Vin. Ab., tit. Fences, Trespass, B., vol.* 20, *MS.* 424 ; *Poph.* 161 ; *Sir Wm Jones* 131 ; *Latch.* 119 ; *Salk.* 662. It is clear, therefore, that the defendant, according to the transcript of the justice of the peace and the evidence given on the trial of the cause, might have been declared against for having broken and entered the close of the plaintiff, and the grass and herbage of the plaintiff, there lately growing, with his bull eaten up, trod down and consumed. *Regist.* 94. But why might he not have been charged, also, in the same declaration, with having killed or destroyed the plaintiff's horse or colt with his bull? To this it is answered, and such appears to have been the opinion of the court below, that a bull is an animal *mansuetæ naturæ,* and has no natural propensity to gore horses, and thereby injure or destroy them, and being an animal of this description, if he does destroy the horse of a neighbour, his owner is not liable to be sued in trespass for it, unless it can be shown that the owner knew or had notice previously that his bull was disposed to attack and gore animals of the horse kind. 'This, in general, would seem to have been the rule that has prevailed. *Bull. N. P.* 77 ; 12 *Mod.* 333 ; *Ld. Raym.* 608. This rule has been applied to the owner of a dog for an injury committed by the latter, to which dogs, generally, have no propensity ; yet if the owner carry the dog into a field where he himself is a trespasser, and the dog should kill sheep or injure them, this, though the first offence, may be stated and proved as an aggravation of the trespass. *Burr.* 2092 ; 2 *Lev.* 172. Now in the case under consideration, the defendant himself was clearly a trespasser for having permitted his bull to run at large and break into the plaintiff's enclosure ; and why not, upon a like principle, allow the plaintiff to state in his declaration, and prove on the trial the killing of his horse by the bull, in aggravation of the trespass, for the purpose of enhancing the damages ; or, in other words, for the purpose of enabling the plaintiff to recover,

VII. — 47

[Dolph v. Ferris.]

in damages, a full compensation for the whole injury and loss occasioned by the bull. It cannot be doubted for a moment, that justice may be administered, in such a case, as well between the parties in one action as in two, and with half the trouble and half the expense, and in less time. These things are certainly highly commendatory of the principle; for it is ever very desirous to avoid duplicity or multiplicity of suits growing out of the same transaction, whenever it can be done without tending to involve the case in difficulty with either court or jury; and certainly not less desirable when it also necessarily diminishes the loss of time, trouble and expense to both the parties. But we have an authority which goes pretty far to sustain this action, in a decision made by this court in the case of *Sample* v. *Foster*, at Harrisburg, in June 1834, which does not appear to have been reported. It was there held that the owner of a mare, which was killed by two stud-colts of the defendant, was entitled to recover, in an action of trespass, the value of the mare. The defendant in the court below, either by negligence or permission, suffered his stud-colts to break into the enclosure of the plaintiff, where the mare of the plaintiff was, and by biting and kicking the mare there, the stud-colts caused her death. That case, like the present, was commenced before a justice of the peace of Huntingdon county, and by appeal brought into the Court of Common Pleas of that county, where it was tried before Judge BURNSIDE, and decided in favour of the owner of the mare, and his decision affirmed by this court. Indeed, I am not satisfied that every owner of a bull is not bound to keep him confined, so that he shall not run at large or trespass upon the lands of others. The propensity of this animal to rove, and to break into the enclosures of others, especially where cows may be feeding, is notorious; and that when thus suffered to rove about, it is also notorious, that it happens only too frequently that he will attack horses with his horns, if they come in his way; and so sure as he does, they seldom escape death or very serious injury. Injuries committed by bulls on horses occur so frequently, that it is difficult to avoid coming to the conclusion, that every owner of a bull ought to be held answerable in an action of trespass for his bull, in killing or injuring, when running at large, either by his negligence or permission, the horse of another, though it be the first offence of the kind that the animal has ever been known to commit. But in this case the plaintiff was entitled to recover, at all events, upon a declaration in trespass *quare clausum fregit*, of which the justice of the peace before whom the action was commenced had jurisdiction. The judgment of the court below would therefore have to be reversed upon this ground, if no other existed.

Judgment is reversed, and a *venire de novo* awarded.