# Hummell *v.* Wester.

[MARCH 7, 1849.]

When, in a city, a horse attached to a carriage is found running on the sidewalk, to the injury of citizens, the law will presume negligence on the part of the owner; and he is liable in such case for the carelessness or neglect of his servant.

THIS was an action to recover damages for injuries sustained by the plaintiff, in consequence of the negligence of a servant of the defendant. In September, 1848, the plaintiff was walking along the footway, near the Frankford road and Norris street, in Kensington, when he was run against by a horse belonging to the defendant, which was attached to a wagon, and driven by a boy in his employ-

---

ment. The plaintiff was knocked down and severely injured, so as to be confined to his house for several weeks. For these injuries, the present action was brought.

The defence was, that the horse was gentle and tractable in disposition, was well broken, and could be easily managed; that on this occasion he was frightened, in consequence of being struck by a whip by the driver of an omnibus, which was passing along the street in which the horse and wagon were standing; in consequence of which the animal ran away, became perfectly unmanageable, and could not be checked by the boy who had charge of the wagon: during his course the plaintiff was injured. The defendant also alleged that the horse was one which could be left standing any where, without the necessity of hitching. It was contended, for the plaintiff, that this very fact went to establish negligence.

BURNSIDE, J.—Charged the jury as follows: 1. That the case was one in which the plaintiff was entitled to a just and proper remuneration for the injury received, though not to vindictive damages. 2. That when, in a city, a horse attached to a wagon or carriage is found running on the sidewalk, to the injury of citizens, the law will presume negligence on the part of the owner, and it lies upon him to show that there was no fault on his part. The presumption is, that there was negligence, unless the contrary is proved. The defendant is liable for the carelessness or neglect of his servant.*

* The different character of the responsibility incurred by the owners of the various kinds of domestic animals was clearly stated in the opinion of Lord Chief Justice HOLT, in *Mason* v. *Keeling,* 12 Mod. 335, who there says, —"The difference is, between things in which a party has a valuable property," (at common law) "for he shall answer for all damages done by them; but of things in which he has no valuable property, if they are such as are naturally mischievous in their kind, he shall answer for hurt done by them without any notice; but if they are of a tame nature, there must be notice of the ill quality." And, accordingly, in *Dolph* v. *Ferris,* 7 W. & S. 369, KENNEDY, J., held that "on account of the natural propensity of horses, cows and sheep to rove, the owner is bound, at all hazards, to confine them on his own

land, and if they escape and do any mischief on the land of another, which they are naturally inclined to commit, the owner is liable to an action of trespass, though he had no notice in fact of such propensity." And on the same principle, it was ruled, in *Goodman* v. *Gay*, that a person who allows his horse to go at large in the streets of a populous city, is responsible for any injury done by him, and that in such action it is not necessary to aver the defendant's knowledge of the animal's vicious propensities. Supreme Court, February 10, 1851. And see 1 Ch. Pl. 82, 83; 10 S. & R. 395; 2 Saund. Pl. & Ev. 864; 7 Barr 254; 1 Miles 39.