Spear, J.
The contention of the plaintiff in error is that the charge of the court is wrong, and that there should have been no recovery in favor of Hudnell, because (1), the owner of domestic animals cannot be held liable for injuries committed by them unless the owner has notice of their vicious propensities, and (2), the plaintiff below, not being in possession of the lot where his horse was being pastured, could not maintain an action of trespass.
, Undoubtedly it is settled law that the owner of a domestic animal is not in general liable for an in/fjury committed by su'ch animal while in a place where it rightfully may be, unless it is shown that phe animal was vicious in the particular com-I plained of, and that the owner had notice of such vicious propensity.
But we regard it as equally well settled that if the animal breaks into the close of another, and there damages the real or personal property of one in possession, the owner of the trespassing animal is liable without reference to whether such animal was vicious and without reference to whether such propensity was known to the owner, for the law holds a man answerable not only for his own trespass but for that of his domestic animal. The *555 natural and well known propensity of horses, as well as other cattle, is to rove, and the owner is bound to confine them on his own land; so that,' if thejr escape and do mischief on the land of another under the circumstances where the other is not at fault, the owner ought to be liable. Beckwith v. Shordike, 4 Burrows, 2092; Angus v. Radin, 2 Southard, 815; Dolph v. Ferris, 7 Watts & Serg., 367; 3 Black Com., 211.
The question, then, in this case, is whether or not Hudnell was in possession of the pasture field in such sense as to authorize him to maintain the action.
It is the duty of this court to give such construction to the record as will' sustain the judgment of the court below if it can be reasonably done.
Looking to the bill of exceptions we find that the plaintiff ‘ ‘ had the right to keep the horse in question in Houser’s pasture-field on pasture,” and “paid a certain price per month for such right.” That is, Hudnell, the plaintiff, was keeping the horse there; Houser, the owner of the land, was not keeping the horse there. It does not appear that he was keeping any animal there. Other persons who had like right with plaintiff, had their horses in the same field on pasture. It does not appear that Houser reserved any right to use the field for his own stock, nor for the stock of others. Indeed, the circumstances are consistent with the idea that Houser had, for the time these contracts remained in force, given up the possession to those who had thus hired the pasture. In this view they were, then, the owners of the growing herbage. The rule that tenants so in possession may maintain trespass against even the owner of the fee, *556 seems to rest on reason and abundant authority. Crosby v. Wadsworth, 5 East, 602; Tompkinson v. Russell, 9 Price, 287; Clap v. Draper, 4 Mass., 266; 1 Addison on Torts, 371-2. It would follow from this that had damage to the herbage been the ground for complaint, the tenants might have maintained a joint action for trespass.
If the conclusion just stated is justified, and we think it is, the only question remaining is as to the right of one of several tenants, in possession, holding by separate contracts, to maintain an action in trespass, where the damage for which he seeks to recover is to his own individual property rightfully in the close, by virtue of his rental contract. That the da'mag’e is to personalty will not, according to the authorities, stand in the way of a recovery. True, such damage is treated by many authorities as an incident, and in the nature of aggravation. But this distinction seems to have arisen from a desire to preserve the common law form of action, and at the same time not deny the injured party a remedy. The old action for trespass, quare clausum fregit, was strictly an action for damages to the land following an unlawful entry, and hence could not be resorted to for the purpose of a recovery for damages to personalty only. But forms of action not being important in this state, since the adoption of the code, we need not be embarrassed by any such distinction. The question in every case is, not what is the proper form of action, but, has the party a right of action.
Upon this phase of the inquiry we do not find authorities. But, upon principle, why should not one of several tenants in common have such ian action? Had he been in exclusive possession no doubt would exist. Why should the mere fact that *557 others are interested in the growing herbage bar a recovery ? They are not concerned in the special damage suffered by plaintiff; and holding, not by virtue of a joint contract, but by separate several contracts, are not necessary or proper parties. It cannot prejudice the defendant that others having the same right of pasture do not join in the action, for they have no concern with it. If the claim were for damage to the herbage, the case would be different, inasmuch as it might be urged that the defendant’s entire liability should be determined in one action, and hence all should be parties. In Virginia and Vermont it is held that even in that case one alone may maintain the action, though it appears that the trend of authority is the other way. Probably the latter view would prevail in this state. And yet, if it were attempted to recover in one action for damages to the real estate suffered by all and for damages to the personalty of one alone, a vexed question of misjoinder would arise, because all the parties would not be interested in each ground of action. To hold, therefore, that one tenant could have no standing to recover for damages to his personalty save by joining with him the other tenants, is practically to refuse him any relief whatever. And this would in effect be to say that the law will take cognizance of a claim for damage to real estate, though it may amount only to a few cents, and refuse a hearing to a claim for destruction of personal property under like facts which may reach hundreds of dollars. It would be to say further that a party suffering injury to his personalty by an animal trespassing upon premises of which he has sole possession may be made whole, but if it happens that the possession is shared by others he is without remedy. Such a result would *558 cast discredit on the power of the law to work out justice.
To deny the right of the injured party to maintain action for damage to his separate personalty upon any of the grounds referred to, would, we think, be to interpose a technicality for the purpose of defeating justice. It is the duty of courts, as we understand it, to override mere technicalities where they stand in the way of doing’ justice between man and man.
Stated in brief, the case is this: The plaintiff’s horse was in a, close where the owner, haying rightful enjoyment, had a right to keep him; he had a right in the field-; the defendanhisJio.iiser-by breaking the fence_w-hich his landlord was_bound to maintain, becam e a trespasser, and while_tkus unlawfullyiñvading the close as a trespassing animal, inflicted_thg_jiamage to plaintiff’s property. For such wrong we think the law should, and does, afford a remedy.
In this view the charge of the court was right, and the judgment will be

Affvrmed.