## Lydia Erdman *v.* Emanuel Gottshall, Appellant.

*Negligence—Trespass by driven cattle—Province of court and jury.*

One driving domestic animals along the public highway is bound to observe due care, and if, notwithstanding, they escape from the driver without negligence, and go upon private ground he is not responsible provided he removes them within a reasonable time; and what is reasonable time must depend upon all the circumstances. There being no evidence of such negligence sufficient to warrant its submission, it is the duty of the court to instruct for defendant.

*Cattle—Trespass—Party fence—Question for jury.*

The owner of cattle kept upon a farm is bound to keep them from trespassing on his neighbor's land, but where a party fence enters into consideration, while the duty is imposed on the owner of cattle to make it sufficient to restrain a tendency to roam, yet the matter of sufficiency of such a fence is a question for the jury.

Argued Oct. 25, 1898.  Appeal, No. 110, Oct. T., 1898, by defendant, from judgment of C. P. Northumberland Co., Feb. T., 1896, No. 11, on verdict for plaintiff.  Before RICE, P. J., REEDER, W. W. PORTER and W. D. PORTER, JJ.  Reversed.

Appeal from judgment of justice.  Before SAVIDGE, P. J.

It appears from the record and evidence that this action arose over two acts of alleged trespass by defendant's cows.  The first occurred while the cows were being driven along the public highway by their escaping into a cornfield of the plaintiff opening upon the highway.  The second occurred when the cows passed out of an inclosed pasture (by reason of two of the fence rails being removed) across another field of the defendant and through a defective line fence into the plaintiff's cornfield.

Verdict and judgment for plaintiff for $12.60.  Defendant appealed.

*Errors assigned* were (1) refusing defendant's point, which point and answer thereto are as follows : " If the jury believe the evidence on the part of the defendant, that he had a good and sufficient fence to fence his cattle in, and he was not guilty of negligence, then the verdict must be for the defendant.  *Answer :* I have already instructed you otherwise, gentlemen, and I refuse this point."  (2) In charging the jury as follows:

" These cattle escaped upon two occasions. According to the defense at one time the children were taking them to the pasture and they escaped, and it is alleged by the plaintiff trespassed upon her land and destroyed her corn. It is not a question as to whether there was negligence on the part of the owner of the cattle in trusting them to those boys or not; if they did escape from their control, got upon this plaintiff's land and destroyed her corn, the defendant is liable for whatever damages she sustained." (3) In charging the jury as follows: " It has been contended on the part of the defense that all that is required now of the owner of cattle, upon whom the duty is cast of fencing them in, is that he maintain a sufficient fence. I am not inclined to that view of the case. I believe he is bound to fence them in at all hazards; that the right of action grows out of the trespass to the land of the party complaining. This would address itself to your understanding of what would be right under circumstances such as these, because the owner of cattle has it within his power to keep them up. If the cattle are vicious and breachy, he knows it, is bound to know it, and having that knowledge he should provide such fence as is necessary to keep in the kind of cattle he owns, the kind of cattle he undertakes to keep. If they are not vicious, but ordinary cattle, and it turned out that they escape, then it would follow, of course, that the fence was not sufficient, even for the ordinary purpose of keeping in domestic animals. But in any event he is bound to keep them up so they may not trespass upon his neighbor's land. It is not a question, in my judgment, whether his fence be what the jury might regard as a sufficient fence, or not; but I say to you he is absolutely bound to keep them within his own close, upon his own premises." (4) In charging the jury as follows: " Now you will take this case and return such a verdict as you think will do justice between these parties. The plaintiff is entitled to recover, if at all,—and there is no question but what she is entitled to recover for the damage done on the first occasion if you find the cattle trespassed there and destroyed some of her corn—for so much damage as she actually sustained."

*J. W. Gillespie*, with him *Lewis Dewart*, for appellant.—The Act of April 4, 1889, P. L. 27, which repealed the 1st section

of the Act of 1700, 1 Sm. L. 13, did not repeal the Act of April 11, 1842, P. L. 62, because there is no inconsistency between the two ; hence when the Supreme Court in its opinion by Mr. Justice DEAN, in Barber v. Mensch, held that by repeal, the rights of landowners and owners of cattle are left as they were at common law before 1700, it clearly meant the repeal of the first section of the act of 1700. It is to be remembered that the Supreme Court in Barber v. Mensch decided that the act of 1889 did not repeal the act of 1842, hence the repeal had relation only to the first section of the act of 1700. We submit, that the rule laid down in Barber v. Mensch is the law controlling this case, and that it was error in the learned court below to negative defendant's point and practically give binding instructions to the jury to find a verdict for the plaintiff leaving to them only the amount of the verdict, as complained of in the third assignment: Barber v. Mensch, 157 Pa. 390 ; Dolph v. Ferris, 7 W. & S. 367 ; Ziegler v. House, 1 Dist. Rep. 609.

Judge COOLEY, in his excellent work on torts, gives what we believe to be a common sense view of the question under discussion, viz : " If one is driving his domestic animals along the public highway, he is bound to observe due care, and if, notwithstanding he is guilty of no negligence, they escape from him and go upon private grounds, he is not responsible, provided he removes them within a reasonable time. And what is a reasonable time must depend upon all the circumstances : " Cooley on Torts (1880, ed.), 341 ; The Tonawanda R. R. Co. v. Munger, 5 Denio, 255 ; Bush v. Brainard, 1 Cowen, 78, 84, note; 6 Wait's Actions and Defenses, 71.

There is no evidence in the case showing that the defendant was guilty of negligence either in not providing a "sufficient" fence to keep his cattle in, or in intrusting them in the care of boys to drive to pasture ; while on the other hand the evidence on the part of the defendant clearly proved that the fence was "sufficient." The court below took both of these questions practically from the jury.

*S. B. Boyer*, for appellee.—It is too well settled to admit of the least doubt, that a man is not only answerable for his own trespass, but likewise for that of his cattle. For if by his neglectful keeping, they stray upon the land of another, and they

there tread down his neighbor's herbage and spoil his corn or his field, this is an injury for which the owner is liable to be sued in trespass : Gregg v. Gregg, 55 Pa. 227.

In a case stated, Thompson v. Kyler, 9 Pa. C. C. Reps. 205, Judge MAYER, of Clinton county, said: " The fence law of 1700 having been repealed by the act of 1889, the common law rule, requiring every one to keep his cattle within his own close, applies in all cases where the act of 1700 was before the only law."

The other question raised on the trial was in relation to the line fence, between the parties. The maintaining of line fences is governed by the Act of March 11, 1842, P. L. 62.

If the line fence was not in a proper condition the defendant had two remedies, one was to proceed under the act of 1842, supra, or else make his own fence on his own ground, as ruled by the late Justice MERCUR, in Smith v. Johnson, 76 Pa. 191, and cases cited.

OPINION BY WILLIAM W. PORTER, January 18, 1899 :

This is a suit for damages for injury to the plaintiff's corn, committed by two distinct acts of alleged trespass by the defendant's cows. The first occurred while the cows were being driven upon the public highway, by their escaping into a cornfield of the plaintiff opening upon the highway. The second occurred a week later, when the cows passed out of an inclosed pasture (by reason of two of the fence rails being removed), across another field of the defendant and through a defective line fence into the plaintiff's cornfield.

As to the first act, the court below charged that the plaintiff was entitled to a verdict, although no act of negligence was shown to have been committed by the defendant, the learned trial judge saying, inter alia : " It is not a question as to whether there was negligence on the part of the owner of the cattle in trusting them to those boys, or not ; if they did escape from their control, got upon the plaintiff's land and destroyed her corn, the defendant is liable for whatever damages she sustained." This was error. Mr. Justice PUTNAM, in Stackpole v. Healy, 16 Mass. 33, quoting from 22 Edw. 4, 8, pl. 24, states the rule thus : " If one drive a herd of cattle along the highway where trees or wheat or any other kind of

corn is growing, if one of the beasts take a parcel of the corn, if it be against the will of the driver, he may well justify; for the law will intend that a man cannot govern them at all times as he would; but if he permitted them or continued them, etc., then it is otherwise." A modern author has thus expressed it, "If one is driving his domestic animals along the public highway, he is bound to observe due care, and if, notwithstanding he is guilty of no negligence, they escape from him and go upon private grounds, he is not responsible provided he removes them within a reasonable time, and what is a reasonable time must depend upon all the circumstances:" Cooley on Torts, p. 341. See also Tonawanda Railroad Co. v. Munger, 5 Denio, 255; Tillett v. Ward, L. R. 10 Q. B. D. 17.

In this case there was no evidence of negligence in the driving of the cows, nor in committing the care of them to the defendant's sons. The only possible liability was for failure to remove the cattle from the plaintiff's premises within a reasonable time. This ordinarily would be a question for the jury: Goodwyn v. Cheveley, 4 H. & N. 631. But the evidence adduced at the trial was not sufficient to warrant its submission. The court should, therefore, have instructed the jury for the defendant in respect to the first alleged trespass.

Under the act of 1700, the owner of improved land was obliged to fence it, and this not solely for the purpose of restraining his own cattle, but to keep out the roving cattle of others: Gregg v. Gregg, 55 Pa. 227. By the repeal of the act of 1700 by that of 1889, the common-law obligation was restored. That obligation is thus stated by Lord COLERIDGE, in Tillett v. Ward, L. R. 10 Q. B. D. 17: "Now it is clear as a general rule that the owner of cattle and sheep is bound to keep them from trespassing on his neighbour's land, and if they so trespass, an action for damages may be brought against him irrespective of whether the trespass was or was not the result of his negligence." See also Rossell v. Cottom, 31 Pa. 525; Troth v. Wills, 8 Pa. Superior Ct. 1. Hence, in this case, the duty was upon the defendant to prevent his cattle from roving, and he was "bound at all hazards to confine them on his own land:" Dolph v. Ferris, 7 W. & S. 367. This statement of the law, as applied to the present case, eliminates wholly the question of the sufficiency of the defendant's fence, erected within his own

property, and which he contends was well built and maintained. The fact that the cattle escaped through this fence by no act of negligence on the part of the defendant is not a defense.

There was, however, another fence. This was constructed along the party line between the properties of the defendant and the plaintiff, and through this the cattle passed in committing the trespass. The obligation in respect to the maintenance of such a fence, is determined by Barber v. Mensch, 157 Pa. 390. In that case, Mr. Justice DEAN, while holding that the repeal of the act of 1700 by that of 1889 reinstated the common-law obligation on the part of the owner of cattle to restrain their roving propensities at all hazards, held further that the act of 1842, relating to party line fences, was not repealed, and that in respect to such a fence, it is necessary that the owner of cattle should make it "sufficient" to restrain their tendency to rove. He, however, under the provisions of that act, holds that the matter of the "sufficiency" of such a fence is a question for the jury. Referring to the charge of the trial judge, he says: "In substance he instructed the jury that if Barber had not by a sufficient partition fence barred out Mensch's cattle, he could not recover; he should, however, have instructed them if Mensch had not by a sufficient partition fence kept them in, his defense failed, and Barber had a right to recover such damages as he had sustained."

The testimony in the present case, as to the condition of the party line fence, is meager. The defendant himself says, that he kept it in repair, but he admits that at the time the cattle got through, it was not in good order and that he knew it. On this state of the evidence there was no question to go to the jury as to the sufficiency or insufficiency of the party line fence. If there had been a conflict of testimony on this point, it would have been the duty of the court to have submitted the question to the jury. No injury was done the defendant, therefore, by the failure of the court to present this aspect of the case to the jury; but, as this case must be retried, the reference herein to the law relating to line fences is made lest we might be construed to approve the general statement of the law, contained in the charge, as applicable to such fences.

The second and fourth assignments of error are sustained; the judgment is reversed, and a new venire awarded.