## Hall *v.* Kreider, Appellant.

*Justice of the peace—Jurisdiction—Trespass of cattle—Fences.*

1. Where an action of trespass for injuries by cattle to crops in one county is brought before a justice of the peace in another county, and after a trial on the merits and a judgment for plaintiff, an appeal is taken to the common pleas, and there the defendant pleads not guilty to a statement showing the county where the trespass was committed, he cannot after another trial on the merits in the common pleas, complain that the justice had no jurisdiction.

2. A justice of the peace has jurisdiction of an action of trespass for injuries done to crops by cattle.

*Fences—Cattle—Trespass—Act of April 4, 1889, P. L. 27.*

3. Since the passage of the Act of April 4, 1889, P. L. 27, owners of cattle must fence them in, or be answerable in damages for their trespasses. In an action for such a trespass the sufficiency of the fence is not a question for the jury, where by the defendant's own showing the fence was merely temporary and not sufficient to restrain the cattle.

Argued Nov. 11, 1913. Appeal, No. 27, Oct. T., 1913, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1911, No. 64, on verdict for plaintiff in case of James F. Hall v. Milton Kreider. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Appeal from judgment of justice of the peace.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $95.41. Defendant appealed.

*Errors assigned* were various instructions.

*B. F. Davis,* for appellant.—Questions of jurisdiction can be raised at any time on the appeal: Deihm v. Snell, 119 Pa. 316; Moreland Twp. v. Gordner, 109 Pa. 116; Fowler v. Eddy, 110 Pa. 117.

The action in this case was for consequential damages, over which the justice had no jurisdiction, nor the court below on appeal: Masteller v. Trimbly, 6 Binney, 33; Herrigas v. McGill, 1 Ash. 152; Millhauser v. Morgan, 6 Kulp, 48; Conaghan v. Rudolph, 4 Kulp, 504; Ripple v. Keast, 5 Pa. Dist. Rep. 31.

*John A. Nauman,* with him *Spencer G. Nauman,* for appellee.—A justice of the peace has jurisdiction in an action for trespass done to the growing crops on the farm of the plaintiff by cattle owned by the defendant: Yost v. Yost, 25 Lanc. Law Rev. 54; Ziegler v. House, 1 Pa. Dist. Rep. 609; Townsend v. Whalen, 5 Pa. Dist. Rep. 656; Dolph v. Ferris, 7 W. & S. 367.

A general proceeding of the case on its merits has estopped further questioning of the jurisdiction in such cases: Brown v. Fruit, 3 Clark, 295; Brown v. Quinton, 2 Clark, 169; Magee v. R. R. Co., 13 Pa. Superior Ct. 187.

The Supreme Court has held that since 1889 the owner of cattle must fence them in and that the owner of the realty is not compelled to prove that his land was fenced, in order to recover damages from the depredations of cattle: Barber v. Mensch, 157 Pa. 390; Erdman v. Gottshall, 9 Pa. Superior Ct. 295.

OPINION BY MORRISON, J., December 8, 1913:

This is an action of trespass commenced before a justice of the peace of Lancaster county to recover damages to plaintiff's crops growing upon his farm in Chester county caused by defendant's cattle going upon said farm and injuring and destroying said crops. The case appears to have been tried on its merits before the justice of the peace (both parties being present) and the

justice entered judgment against the defendant for $34.75 and costs. The defendant then appealed to the common pleas of Lancaster county. In that appeal the plaintiff filed a declaration claiming $150 damages caused by defendant's cattle trespassing on plaintiff's farm in Chester county, and defendant promptly pleaded "not guilty," and the cause was subsequently tried on its merits before Judge HASSLER and a jury and a verdict rendered in favor of plaintiff for $95.41. Defendant's counsel moved for a new trial and for judgment non obstante veredicto, and, on argument, both motions were refused and judgment entered on the verdict, and the defendant appealed to this court.

Defendant's learned counsel, at the trial, presented the following points: "1. This suit being an appeal from the judgment of a justice of the peace of Lancaster county, and under the statement and evidence the trespass was as to real estate situate entirely in Chester county, therefore, the justice of the peace had no jurisdiction and the court of common pleas has none on appeal.

"2. This being an appeal from the judgment of a justice of the peace, and under the statement and pleadings it being an action for negligence, carelessness, etc., on the part of the defendant, it was such an action as could not be maintained before a justice of the peace, and, therefore, the court has no jurisdiction upon an appeal—the justice of the peace having no jurisdiction.

"3. The action being for consequential damages, a justice of the peace has no jurisdiction thereof, and there is no jurisdiction on appeal in the court of common pleas.

"4. The defendant should not recover in this case for the reason that he had no fences to prevent cattle straying upon his premises.

"5. Under the law and the evidence the verdict must be for the defendant."

These points were all, we think, rightfully refused and

not read to the jury. The case was submitted to the jury on ample evidence in a charge that is adequate and impartial, and upon a careful examination of the record, we can see no merit in any of the assignments of error.

As to the defendant's first point we think it is effectually disposed of by our own case of Magee v. Railroad Co., 13 Pa. Superior Ct. 187. The present case was tried on its merits before the justice, the defendant being present and participating in the trial. Then in the appeal to the common pleas the plaintiff filed a declaration which plainly showed that the locus in quo upon which the defendant's cattle trespassed was situated in Chester county. Yet with this fact plainly before him defendant's learned counsel pleaded "not guilty" and went to trial on the merits in the common pleas. If he desired to raise the technical question raised in his first point, he should have raised it before pleading the general issue.

As to the questions raised by defendant's second and third points it is sufficient to say that they are not good either in fact or in law. If there is anything well settled in Pennsylvania, it is that a justice of the peace has jurisdiction "of actions of trespass for the recovery of damages for injury done or committed on real and personal estate in all cases where the value of the property claimed or the damages alleged to have been sustained, shall not exceed $100:" Act of March 22, 1814, P. L. 6 Sm. Laws 182. By the Act of July 7, 1879, P. L. 194, this jurisdiction was enlarged to the sum of $300.

The present action is trespass quare clausum fregit, and that a justice of the peace has jurisdiction of such a cause of action is clearly decided in Dolph v. Ferris, 7 W. & S. 367, and this doctrine has not been successfully questioned for more than three score years.

As to defendant's fourth point it is in the teeth of both the statute law and the decided cases. As to the

statute law we cite the Act of April 4, 1889, P. L. 27, which repealed sec. 1 of the act of 1700, 1 Sm. Laws 13, which had been in force throughout the commonwealth. By the repeal of the act of 1700 the rights of owners of cattle and landowners were left, as they were at common law, which required owners of cattle to fence them in, or be answerable in damages for their trespasses. Since the act of April 4, 1889, the owner of cattle who is sued for damages for the trespass of said cattle, must show, to prevent recovery, that he kept his cattle in, or tried to, by a sufficient fence. See Barber v. Mensch, 157 Pa. 390. This case pointedly holds that the trial judge should have instructed the jury that if defendant had not, by a sufficient partition fence, kept his cattle in, his defense failed, and plaintiff had a right to recover such damage as he sustained.

Defendant's learned counsel contends, however, that the question of whether the partition fence between the land of plaintiff and defendant was sufficient, should have been submitted to the jury. This is true in a case where the sufficiency of the fence is fairly in dispute: Erdman v. Gottshall, 9 Pa. Superior Ct. 295. But in the present case the fence, by defendant's own showing, was of a temporary character and not sufficient to restrain the cattle. As was said in Erdman v. Gottshall, supra, "on this state of evidence, there was no question to go to a jury as to the sufficiency or insufficiency of the party line fence. If there had been a conflict of testimony on this point it would have been the duty of the court to have submitted the question to the jury." Therefore, the trial judge did not err in our case in not submitting this question to the jury.

The assignments of error are all overruled and the judgment is affirmed.