## Weaver v. Chunk

*Edwin C. Moon,* for plaintiff.
*Joseph W. Nelson,* for defendant.

ROWLEY, P. J., December 1, 1938. — This is an appeal from a judgment entered against defendant by a justice of the peace.

Plaintiff instituted a suit "in trespass not exceeding $300" for "damages to plaintiff's horse by trespassing of defendant's stallion on the premises of plaintiff". After hearing, the justice entered judgment in favor of plaintiff for $200 whereupon defendant appealed to the court of common pleas. On April 16, 1938, plaintiff filed his statement of claim wherein it is averred: That defendant was the owner and possessor of a black stallion about three years old which stallion was known to be vicious; that defendant turned said stallion into a pasture adjacent to plaintiff's pasture; that the stallion broke through the fence separating the pastures and "running

and chasing plaintiff's horse around and through the said field in such a manner as to cause plaintiff's horse to be overheated, thereby resulting in injuries to plaintiff's horse, causing same to become what is commonly known as foundered."

On May 2, 1938, defendant obtained a rule to show cause why the "suit should not be dismissed" for the reason that "the basis of the said cause of action is not one of trespass vi et armis but an action on the case."

If the justice of the peace had no jurisdiction the common pleas has no jurisdiction on appeal: Shafer v. Cascio et al., 288 Pa. 56, 69.

A justice of the peace has only such jurisdiction in civil actions as is given him by statute. If the jurisdiction is not expressly granted, he does not have it: Murdy v. McCutcheon et ux., 95 Pa. 435. The Act of March 22, 1814, 6 Sm. L. 182, sec. 1, provided:

"That the justices of the peace . . . shall have jurisdiction of actions of . . . trespass brought for the recovery of damages for injury done or committed on real and personal estate in all cases where the value of the property claimed or the damages alleged to have been sustained shall not exceed one hundred dollars." The Act of May 29, 1879, P. L. 194, provides:

"That the aldermen, magistrates and justices of the peace, in this commonwealth, shall have concurrent jurisdiction with the courts of common pleas of all actions arising from contract, either express or implied, and of all *actions of trespass* and of trover and conversion, wherein the sum demanded does not exceed three hundred dollars" (Italics supplied).

In Knautt v. Massinger, 116 Pa. Superior Ct. 286, 289, the court said:

"In using the term 'actions of trespass' the act [Act of 1879 supra] refers, of course, to actions of trespass *vi et armis* and *quare clausum fregit*, as distinguished from actions of trespass on the case, commonly referred to as 'actions on the case.' "

The Act of May 25, 1887, P. L. 271, abolishing the distinction, as respects procedure, between actions of trespass and trespass on the case, did not have the effect of enlarging the jurisdiction of justices of the peace so as to extend it to actions on the case: Knautt v. Massinger, supra.

The boundary between trespass vi et armis and trespass on the case is frequently a very narrow one: Berry v. Hamill, 12 S. & R. 210; Brown et al. v. Personeni, 326 Pa. 190.

In Sprout v. Kirk, 80 Pa. Superior Ct. 514, plaintiff sued, before a justice of the peace, for damages sustained in a collision of his automobile and defendant's wagon. The court said (p. 516) :

" 'If the act was in law the act of the defendant, he is consequently liable in trespass, whether it resulted from wilfulness or negligence.' The learned judge correctly held that the justice of the peace had jurisdiction."

In Dolph v. Ferris, 7 W. & S. 367, an action was brought before a justice of the peace to recover the value of plaintiff's horse which was gored by defendant's bull, which had broken into plaintiff's enclosure.

Defendant contended that the action was trespass on the case and that the justice had no jurisdiction.

The court treated the trespass as made by defendant, with the bull as a means or an instrument. It was said there that defendant broke and entered plaintiff's close and trod down and consumed the herbage, *with his bull;* and that defendant killed plaintiff's horse *with his bull.* The court cites the unreported case of Sample v. Foster where the owner of a mare, which was killed by two stud colts of defendant, was permitted to recover in an action of trespass, the value of the mare.

In Dolph v. Ferris, supra, the court held there could be a recovery in trespass quare clausum fregit in which plaintiff could prove the killing of his horse in aggravation of the trespass, for the purpose of enhancing the damages.

Dolph v. Ferris has been cited in many recent cases without modification.

In Paff v. Slack, 7 Pa. 254, plaintiff sued for the killing of his sheep by defendant's dog. A special act for Bucks County imposed liability upon the owner of a dog for the destruction of sheep. The sole question was whether a justice of the peace had jurisdiction or whether the action was trespass on the case. The court adopted a sort of legal fiction, holding that in effect the owner said, "Go at large; if you destroy sheep I will pay for them", and ruled that trespass was the proper form of action.

At first blush the instant case would seem to depend upon the question of negligence of defendant, but in Goodman v. Gay, 15 Pa. 188, it was ruled that where the owner turns out an animal, the class of which contains individuals often dangerous, both from their nature imperfectly subdued, and their habits, he thereby becomes responsible for the injuries it inflicts. The court said (p. 194):

"The ground of the decision [Dolph v. Ferris] was, that the animal was naturally inclined to roam, and often guilty of mischief, and that, therefore, it was the duty of the owner to keep him on his own land."

In Rossell v. Cottom, 31 Pa. 525, it was said:

"The law seems to be settled, that the owner of a beast prone to commit trespasses is liable for injuries resulting from such propensity", and that the remedy is in trespass.

In the Rossel case, plaintiff sued defendant for damages to crops caused by defendant's cattle which were in possession of one Hill under a contract for agistment. The point was whether an owner not in possession was liable in trespass or only in an action of trespass on the case.

The justice gave judgment against the owner but the Supreme Court held that the owner not in possession was liable, if at all, only in an action on the case. But it was there held that the agister would be liable in trespass.

It was there held that "The property in the animal raises the duty, on the part of the owner, to guard against its mischievous propensities; and failing in this, it holds him answerable for its injurious acts, without regard to the degree of care bestowed in controlling it, '*Sic utere tuo alienum non laedas*' applies to all such cases. *It is not a question of negligence,* or want of due care on the part of the owner." (Italics supplied.)

In McIlvaine v. Lantz, 100 Pa. 586, an action for personal injuries by a stallion which had escaped from defendant's enclosure, the Supreme Court affirmed an instruction of the lower court that if defendant's fence was sufficient and safe for keeping such animals, and the stallion did not get out through default of defendant, plaintiff could not recover. This ruling seems inconsistent with Rossell v. Cottom, where it was held that the question of negligence was not involved. It is to be noted, however, that in McIlvaine v. Lantz defendant was complaining of the trial court's refusal to affirm defendant's point that defendant was not liable if his fence was "such a fence as is common among farmers". We are not convinced that the later case was intended to reverse or modify the former ruling.

In Troth v. Wills, 8 Pa. Superior Ct. 1, plaintiff was butted by defendant's cow which had strayed into an adjacent lot. The court permitted recovery on the principle that the primary trespass was the entry of the cow into the garden (quare clausum fregit) and that the personal injuries were an aggravation of the trespass. See Ramsey v. Martin, 45 Pa. Superior Ct. 645.

But defendant argues that defendant's stallion did not come into actual contact with plaintiff's horse, and therefore there was not a direct injury, a necessary element in trespass, but only a consequential injury (constituting trespass on the case). The answer to this position is that there was a direct injury to plaintiff's close and the damage to plaintiff's horse was closely associated with the primary trespass, and in fact grew directly out of it.

Under the doctrine of Dolph v. Ferris, supra, defendant in the instant case broke plaintiff's close *with his stallion,* and under the rule of Troth v. Wills, supra, the injury to plaintiff's horse grew directly out of the trespass quare clausum fregit, and was an aggravation of it.

Defendant was chargeable with knowledge that a young stallion is commonly of vicious propensities, and it is the duty of the owner to restrain him at all hazards.

It seems that a different rule governs the liability of the owner of domestic animals not known to be vicious.

In Hall v. Kreider, 55 Pa. Superior Ct. 483, the court said (p. 486) :

"If there is anything well settled in Pennsylvania, it is that a justice of the peace has jurisdiction 'of actions of trespass for the recovery of damages for injury done or committed on real and personal estate in all cases where the value . . .'

"The present action [trespass for injuries done to crops by cattle] is trespass quare clausum fregit, and that a justice of the peace has jurisdiction of such a cause of action is clearly decided in Dolph v. Ferris, 7 W. & S. 367, and this doctrine has not been successfully questioned for more than three score years." See also Ziegler v. Hons, 6 Luz. L. R. Rep. 374.

In Freedman v. Amoroso, 33 D. & C. 85, cited by defendant, it was held that a justice is without jurisdiction in an action for damages arising from an automobile collision where defendant's car was driven by his agent. However, the case does not illuminate the instant question.

It must be conceded that the acts and omissions alleged in the instant case savor more of trespass on the case, and that the pertinent rule announced in the early cases and adhered to ever since is a bit inconsistent with the legal definitions of the terms trespass and case; nevertheless the rule has been declared and we are bound to adopt it.

We are, therefore, constrained to conclude that the justice of the peace had jurisdiction in the instant case.

*Order*

And now, December 1, 1938, this matter came on for hearing, was argued by counsel and briefs submitted, whereupon, after due consideration, it is ordered, adjudged, and decreed that defendant's petition attacking the jurisdiction be dismissed.