STATE OF MAINE
PENOBSCOT, SS.



SUPERIOR COURT
Docket No. CV-98-241
FCM-PEN - 1/25/2000

THOMAS RICKER,
      Plaintiff

v.

BROOKS DAIRY FARM, INC.
      Defendant

)
)
)
)
)
)
)
)

**ORDER**

    This Court treats the matters before it as a request by the Plaintiff to establish the "law of the case". This order establishes this Court view of the law applicable to the case at bar.

    Plaintiff filed this action against Defendant to recover for personal injuries caused to Plaintiff by Defendant's bull while Plaintiff was employed by Defendant[1]. Plaintiff seeks recovery on two grounds, negligence and strict liability. Defendant has raised the affirmative defenses of (1) failure to state a claim, (2) comparative negligence, (3) contributory negligence, (4) failure to mitigate damages, and (5) assumption of risk.

    This Court finds that Plaintiff has set forth allegations sufficient to state a claim for negligence. The Maine Law Court has established that the owner of a domestic animal such as a bull is not liable for injuries inflicted by the animal, when the animal is not trespassing, unless the owner knew that the animal had a propensity to cause such injuries. See Byram v. Main, 523 A.2d 1387, 1389 (Me. 1987) (quoting Decker v. Gammon, 44 Me. 322 (1857)). The owner of a bull, an animal known generally to have dangerous propensities, must exercise caution commensurate with the normal dangerous characteristics of a bull. See RESTATEMENT (SECOND) OF TORTS § 509 cmt. e (1977). Furthermore, where the animal's owner does not know or have reason to know that the animal is abnormally dangerous

---

[1] It is assumed that the Workers' Compensation Law, Title 39-A does not apply. See generally 39-A M.R.S.A. §§ 401(1)(B)(C) and 102(2)(A)(B).

1

for an animal of its class, the owner is not liable for injuries caused, unless the owner intentionally caused the animal to do the harm or acted negligently in failing to prevent the harm. See RESTATEMENT (SECOND) OF TORTS § 518 (1977). The Court assumes that the issue is whether or not the Defendant acted negligently in failing to prevent the harm.

Pursuant to Maine's comparative negligence statute, Plaintiff's damages may be reduced accordingly "to such extent as the jury thinks just and equitable having regard to the claimant's share in the responsibility for the damage." 14 M.R.S.A. §156. Although the statute in one instance refers to a plaintiff's "contributory negligence," the doctrine of comparative negligence does not bar Plaintiff's recovery if Plaintiff was partially at fault for his injuries. See 14 M.R.S.A. § 156 ¶ 3. In addition, Maine no longer recognizes an independent affirmative defense of assumption of the risk because it has been subsumed within the doctrine of comparative negligence. See Wilson v. Gordon, 354 A.2d 398, 401-02 (Me. 1976).

Plaintiff cannot recover under a theory of strict liability in this case. At an earlier time, Maine imposed strict liability upon the owner of a dangerous dog that causes injury to a person; however, Maine never imposed strict liability for injuries caused by a bull. Although the Maine Law Court has not yet adopted common law strict liability for injuries caused by domestic animals, the Restatement imposes strict liability where the owner knows or has reason to know that the animal is abnormally dangerous. See RESTATEMENT (SECOND) OF TORTS § 509 (1977). The comment to section 509 specifically rejects strict liability as means of recovery for injuries committed by bulls just because of the inherently dangerous nature of bulls. See RESTATEMENT (SECOND) OF TORTS § 509 cmt. 3 (1977). This dangerous tendency, "together with the fact that the virility which makes them dangerous is necessary for their usefulness in performing their function in the socially essential breeding of livestock, justifies the risk involved in their keeping." Id. As such, Plaintiff's claim for injuries under a theory of strict liability fails as a matter of law.

The incident giving rise to this lawsuit occurred on September 6, 1996. Thus the provisions of 7 M.R.S.A. § 3961 were not in effect. However, the reasoning outlined hereinabove is consistent with the Legislature's analysis and promulgation.

This case will proceed to trial in accordance with the foregoing

2

unless either counsel wishes to be heard further in which case they shall notify the clerk who shall schedule a hearing accordingly. Either party may request the opportunity to file writings on the matters to be argued. Unless counsel make such a request within 20 days from the date of this Order, the docket entry is: All claims inconsistent with the foregoing order are Denied. The Clerk may incorporate the foregoing into the docket by reference pursuant to Rule 79(a) M.R.Civ.P.

Dated: January 23, 2000

_____
Hon. Francis Marsano
JUSTICE, SUPERIOR COURT

bull/Pen/AJG/HS

Action __CIVIL - PERSONAL INJURY__

    ASSIGNED TO JUSTICE MARSANO

MAR 6 2000

THOMAS RICKER     vs.     BROOKS DAIRY FARM, INC.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GILBERT LAW OFFICES<br>P O BOX 2339 - 82 Columbia Street<br>BANGOR ME 04402-2339<br>BY: Arthur Greif, Esq. | Stewart Law Offices<br>541 Main Street, Suite A<br>Presque Isle, ME  04769<br>By: Harold Stewart, Esq. |

| Date of Entry | |
|---|---|
| 11/30/98 | Complaint filed. |
| 11/30/98 | Officer's Return of Service filed (s.d. 11/20/98 by Thatcher Adams, Esq.) |
| 12/1/98 | Case File Notice and Pretrial Scheduling Statement and Jury Demand form forwarded to Plaintiff's counsel. |
| 12/3/98 | Affirmative Defense and Answer to Plaintiff's Complaint filed. |
| 12/10/98 | Pretrial Scheduling Statement and Jury Demand filed by Plaintiff.  Jury Trial demanded by Defendant.  Jury Trial fee NOT paid. |
| 12/14/98 | Notification of Discovery Service filed by Defendant, Interrogatories and Incorporated Document Requests to Plaintiff. |
| 12/18/98 | Jury Trial fee of $300.00 paid by Defendant. |
| 12/21/98 | Expedited Pretrial Order filed.  Discovery to be closed by 7/31/99. Case ordered placed on the jury trial list 30 days after close of discovery.  By order of the presiding justice the Expedited Pretrial Order is incorporated by reference in the docket.  (Mead, J.)  Copy forwarded to attorneys of record. Report of Conference of Counsel form forwarded to Plaintiff's Counsel. |
| 1/8/99 | Notification of Discovery Service filed by Plaintiff, Unexecuted Interrogatories Answers and Response to Document Requests. |
| 1/25/99 | Notification of Discovery Service filed by Plaintiff, Executed Interrogatory Answers and Response to Document Requests. |
| 1/26/99 | Notification of Discovery Service filed by Defendant:  Notice of Deposition. |
| 2/1/99 | Notification of Discovery Service filed by Plaintiff:  Notice to Take Oral Depositions of Ed Brooks, Paul Brooks, Sr. and Paul Brooks, Jr. |